**TWA, and Insurance Company of North America, Petitioners,**

v.

**Jerry Eugene McKINLEY, and the Workers' Compensation Court, Respondents.**

**No. 65700.**

Supreme Court of Oklahoma.

Jan. 26, 1988.

Fenton, Fenton, Smith, Reneau & Moon by John A. McCaleb, Oklahoma City, for petitioners.

Chris Sturm, Larry Brawner, Oklahoma City, for respondents.

HODGES, Justice.

Claimant, Jerry Eugene McKinley, suffered a hernia in April, 1981, while working as a loader for TWA. Claimant had surgery, but the hernia kept recurring. Because of claimant's condition, he was not allowed to return to work for TWA. In 1981, he filed a Workers' Compensation claim for benefits. His claim was based not only on the recurrent hernia, but also for a back injury sustained in the same accident. The trial court awarded claimant temporary total disability benefits.

In 1985, claimant filed another claim requesting permanent total disability benefits. At trial, claimant presented Mr. Lon Huff, a rehabilitation specialist, as a witness. Huff testified claimant was not employable in his current medical and educational condition. Claimant had not completed high school, and had not had any training for over 20 years. In his opinion, Huff did not believe claimant had any transferable skills that would allow him to work at another type of job.

On cross-examination, the employer questioned Huff as to claimant's potential for rehabilitation. Claimant objected to the questioning. The trial court sustained the objection, however, in the employer's proffer of proof, the specialist answered affirmatively claimant had potential for rehabilitation. This testimony though was not considered by the trial court in its determination for an award.

The trial court awarded claimant permanent total disability benefits amounting to $155.00 per week. The award was based on claimant's inability to perform any work in an occupation for which he would be suited taking into account his physical condition, education and vocational training. Petitioners appealed the trial court's order to the Workers' Compensation Court en banc, but the order was affirmed. The Court of Appeals, Oklahoma City Divisions, sustained the trial court's award. TWA and its insurer seek certiorari based on the trial court's refusal to admit the testimony concerning claimant's potential rehabilitation. Petitioners contend that the Court of Appeals dealt with a question of substance not previously determined by this Court and that the Court of Appeals' order is in conflict with *Eslinger v. Cole Grain Co.,* 655 P.2d 164 (Okla.App.1982) (released for publication and accorded precedential value by this Court on Sept. 28, 1982 in 655 P.2d 164). We have previously granted the requested writ.

■ The issue presented in this case is one of first impression by this Court. Petitioners contend 85 O.S.1981 § 3(12) requires the Workers' Compensation Court to allow evidence of a claimant's potential rehabilitation in a hearing for permanent total disability benefits. We cannot agree with petitioners' interpretation of the statute and, therefore, affirm the trial court's determination of this issue. Section 3(12) of Title 85 states:

" 'Permanent total disability' means incapacity because of accidental injury or occupational disease to earn any wages in any employment for which the employee is or becomes physically suited and reasonably fitted by education, training or experience; loss of both hands, both feet, or both legs or both eyes, or any two thereof, shall constitute permanent total disability."

It is petitioners' main contention that the words "or becomes physically suited or reasonably fitted by education, training or experience" implies the potential for a worker to become vocationally rehabilitated. Petitioners therefore assert claimant's potential for rehabilitation should be considered in determining claimant's eligibility for permanent total disability benefits.

Petitioners cite the case of *Eslinger v. Cole Grain Co., supra,* as controlling the disposition of the present matter. The Court of Appeals in *Eslinger* did not consider the retrainability of the injured claimant in determining whether the claimant was totally disabled because the evidence clearly demonstrated the employee lacked the capability of being rehabilitated for any other job. However, the *Eslinger* court unfortunately stated in part six of its opinion that a claimant's vocational skills lost and his ability to retrain to other skills should be taken into account for the determination of economic disability under the 1977 Workers' Compensation Act. This statement is clearly dictum as it was neither necessary to support the conclusion reached therein nor applicable to the situation in that case. *American Trailers, Inc. v. Walker,* 526 P.2d 1150, 1154 (Okla.1974). Inasmuch as it could be concluded from such statement that evidence concerning a claimant's rehabilitation potential is admissible in determining permanent total disability, the statement is expressly over-

ruled as contrary to the clear provisions of the Act.

Contrary to petitioners' assertion, the potential vocational rehabilitation aspect is nowhere to be found in § 3(12). The word "becomes" as employed in § 3(12) is in the third person singular present tense, as opposed to the future tense. Claimant correctly contends this is a clear indication that the legislative intent is that permanent total disability means the claimant is *presently* incapacitated to earn any wages in any employment for which he is *presently* suited or fitted by education, training or experience.

Claimant's position is further supported by the language in 85 O.S.1981 § 16(C), which provides in pertinent part:

"A request for vocational rehabilitation services or training may be filed with the Administrator by an interested party at any time *after* the date of injury but not later than sixty (60) days from the date of the final determination that permanent disability benefits are payable to the employee." (Emphasis added).

Because there is no requirement that vocational rehabilitation services or training be requested when an award of permanent disability is made, and an interested party has 60 days after the date of the final determination of permanent disability to request such rehabilitation, petitioners' position for the admissibility of vocational rehabilitative potential is contradicted by statute. Legislative intent is further evidenced by § 16(A), which states:

"Refusal to accept rehabilitation services by the employee shall in no way diminish any benefits allowable to an employee."

Statutes dealing with the same general subject should be construed together in order to arrive at the legislative intent in any particular section. *Becknell v. State Industrial Court*, 512 P.2d 1180, 1183 (Okla.1973). If rehabilitation potential were considered when a disability award is made, the provisions concerning a request for rehabilitation services or training under § 16 would be nullified and rendered meaningless. Statutes must be interpreted in a manner which renders every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory. Conversely, every statute must be interpreted to give meaning to every provision. *In re Supreme Court Adjudication, Etc.*, 597 P.2d 1208, 1210 (Okla.1979).

We therefore construe the statutory definition of permanent total disability as not requiring the court to assess a claimant's potential for rehabilitation in determining the award for permanent total disability. The wording of the statute and the clear intent of the legislature as revealed by an examination of the whole Act require the assessment to be limited to a claimant's present condition for the award of permanent total disability benefits.

In conclusion, we find 85 O.S.1981 § 3(12) prohibits the introduction of evidence of a claimant's potential rehabilitation in a trial for permanent total disability benefits. We therefore affirm the orders of the Court of Appeals and the Workers' Compensation Court.

HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.