Dear Commissioner Grimes,
¶ 0 The Attorney General has received your letter requesting an official opinion addressing, in effect, the following question:
May a corporation, not eligible for licensure as an insuranceagent, own stock in a corporation licensed as a limited insurancerepresentative which owns stock in a corporation licensed as afull service insurance agent?
¶ 1 Your request asks for reconsideration of previously issued Attorney General Opinion No. 89-014, which addressed the same question and was answered as follows:
 It is, therefore, the official opinion of the Attorney General that pursuant to 36 O.S. 1424(B)(6) (1988) of the Insurance Agents Licensing Act, a corporation not eligible for licensure as an insurance agent may own stock in a corporation licensed as a limited insurance representative, which owns stock in a corporation licensed as an insurance agent.
¶ 2 Your request for reconsideration has been granted for the purpose of clarifying the interpretation that should attach to36 O.S. 1424(B)(6) (1990) and the limitations upon corporate ownership of corporations licensed as insurance agents within the State of Oklahoma.
 I. CORPORATE OWNERSHIP IN GENERAL
¶ 3 Since your question focuses upon the interaction of corporations and corporate ownership within the scope of the applicable licensing laws, we will begin our analysis with the underlying purpose served by Oklahoma corporate laws: to create a separate entity distinct from that of an individual. It is well settled that the laws of this state authorize the creation of corporate entities and that these entities have the rights and attributes provided by these laws. Hearn v. Petra InternationalCorporation, 710 P.2d 769 (Okl.App. 1985). A corporation is a legal entity separate and apart from its stockholders, individually or as a body. State ex rel. Oklahoma EmploymentSecurity Commission v. Tulsa Flower Exchange, 135 P.2d 46 (Okla. 1943).
¶ 4 Though there are times when courts have "pierced the corporate veil" to disregard the legal fiction that provides corporations an existence separate and distinct from its stockholders, that is usually only when necessary to protect the interests of the public, circumvent fraud, protect the rights of third persons or accomplish justice. Mid-Continent LifeInsurance Company v. Goforth, 143 P.2d 154 (Okla. 1943). With the exception of these circumstances, the separate existence of a corporate entity is recognized and accorded the attributes granted by law. Hulme v. Springfield Life Insurance Company,565 P.2d 666 (Okla. 1977). The Court in Hearn stated, "such individuality exists whether the stock of the corporate entity is owned by natural individuals, other corporations, or, as in the case at bar, by one corporation." 710 P.2d at 770.
¶ 5 "Piercing the corporate veil" and the attendant liability theories are based on questions of fact. Frazier v. BryanMemorial Hospital Authority, 775 P.2d 281 (Okla. 1989). Since your query deals with the legal relationships arising from corporate ownership of other corporations contrasted with the applicable licensing requirements for insurance agents, in the absence of allegations of fraud or injustice, a discussion of the legal concept of "piercing the corporate veil" is not believed relevant to your request and therefore will not be discussed in this opinion.
 II. LICENSING REQUIREMENTS FOR AGENTS AND REPRESENTATIVES
¶ 6 The Insurance Agents Licensing Act at 36 O.S. 1424 (B)(1) (1990) outlines the four types of licenses available to partnerships or corporations pursuant to that section. The four types of licenses include licenses for an insurance agent, surplus lines insurance broker, limited insurance representative or insurance consultant.
¶ 7 As in the earlier opinion, only two types of licenses are relevant to the issue posed: licenses for insurance agents and for limited insurance representatives. The term "insurance agent" is defined in the Act, at 36 O.S. 1422(3) (1981) as:
 [A]n individual, partnership or corporation appointed by an insurer to solicit applications for a policy of insurance or to negotiate a policy of insurance on its behalf.
¶ 8 The term "limited insurance representative" is defined at36 O.S. 1422(4) as:
 [A]n individual, partnership or corporation who is authorized by the Commissioner to solicit or negotiate contracts for a particular line of insurance as provided in Section 4 of this act, which the Legislature hereby determines does not require the professional competency demanded for an insurance agent's license.
¶ 9 In 1980, a substantial revision and recodification of licensing statutes occurred in the Licensing Act. Until then, Oklahoma statutes did not provide for a "limited insurance representative." The Legislature made a determination that soliciting or negotiating contracts for particular lines of insurance did not require the professional competency demanded for an insurance agent's license and created a separate and distinct license for those conducting that type of insurance business. 1980 Okla. Sess. Laws, c. 164, 2. Thus, the license for a limited insurance representative sprang into existence.
 A. Licenses for Insurance Agents
¶ 10 Clearer understanding of the differences between the two types of licenses involved in this opinion request may be gained by contrasting the types of services that may be provided under each type of license. An entity licensed as an insurance agent may receive qualification for a license in one or more of the following categories:
1. life insurance,
2. accident and health insurance,
3. property insurance,
4. vehicle insurance,
5. casualty insurance,
6. variable annuity contracts,
7. bail bonds, and
8. title insurance.
36 O.S. 1424(A)(2)(a) (1990).
 B. Licenses for Limited Insurance Representatives
¶ 11 A limited insurance representative may receive qualification for a license in one or more of the following categories:
 1. as a ticket-selling agent of a common carrier with reference to insurance on personal effects carried as baggage,
2. limited travel accident insurance,
 3. credit life insurance or credit accident and health insurance in connection with a credit transaction,
 4. the sale of personal property floater insurance upon personal effects against loss or damage in connection with a credit transaction of not more than five thousand dollars ($5,000.00),
 5. the sale of nonfiling insurance relating to mortgages and security interests arising under the Uniform Commercial Code,
6. prepaid legal liability insurance, and
7. job loss insurance.
36 O.S. 1424(A)(2)(b) (1990).
¶ 12 There is also a limited insurance representative license for crop hail and multi-peril crop hail insurance. 36 O.S.1424.2 (1990).
¶ 13 Thus, it becomes apparent that the Legislature intended for a substantial distinction to exist between these two types of licenses, as well as the activities allowed by each. We next need to explore the statutes on entities eligible for licensing and the statutes on corporate ownership of stock.
 III. LICENSING LIMITATIONS ON INSURANCE CORPORATIONS Sole Purpose Requirement
¶ 14 The Insurance Agents Licensing Act generally limits which corporations may be licensed pursuant to Oklahoma law and includes a "sole purpose" requirement. This "sole purpose" requirement is set forth in the first full sentence of 36 O.S.1424(B)(6) (1990). The statute requires that:
 No partnership or corporation shall be licensed unless the business to be transacted pursuant to the license is the sole purpose of the partnership agreement or Articles of incorporation.
¶ 15 In this instance, the Legislature has provided a clear-cut criterion to determine eligibility for corporations to receive any of the four types of licenses available pursuant to the insurance statutes.
¶ 16 This first sentence of 36 O.S. 1424(B)(6) does not address the issue of who may own stock in a corporation that possesses one of the four types of insurance licenses pursuant to title 36 of the Oklahoma Statutes. That issue is addressed, instead, within the second full sentence of 36 O.S. 1424(B)(6).
 IV. CORPORATE STOCK OWNERSHIP IN CORPORATION LICENSED AS AN AGENT
¶ 17 The second sentence of 36 O.S. 1424(B)(6) sets out the limitations on corporate stock ownership in corporations licensed as insurance agents. This sentence does not address licensing, but focuses on stock ownership instead. This sentence, as amended in 1989, states as follows:
 No corporation or partnership shall own any stock in or be a partner in any corporation or partnership licensed as an insurance agent pursuant to the provisions of this section except a corporation or partnership which is also licensed as an insurance agent pursuant to the provisions of this section, or which was primarily engaged in insurance agency activities on or before January 1, 1985, and was composed of five or more incorporated insurance agencies licensed in this state or any state with which the Commissioner has executed a reciprocal licensing agreement or which was principally engaged in the business of insurance on January 1, 1989, and whose principal officers reside within the State of Oklahoma.
 V. EXCEPTIONS TO PROHIBITION ON CORPORATE OWNERSHIP OF STOCK IN CORPORATIONS LICENSED AS INSURANCE AGENTS
¶ 18 From 36 O.S. 1424(B)(6) as amended, we see that there are three exceptions to the general prohibition against corporations owning stock in corporations licensed as agents.
¶ 19 To better understand the requirements and exceptions contained in 1424, it is helpful to review the amendments that have occurred since the passage of the original Act (1980 Okla. Sess. Laws, c. 164.)
 A. History of the Statutes
¶ 20 The Agents Licensing Act was passed in 1980 by the Thirty-Seventh Legislature as House Bill No. 1695 and became effective on April 15, 1980. Language in the statute that ultimately became 1424 was gathered from language in other title 36 provisions, especially 36 O.S. 1314, which was repealed with the passage of House Bill No. 1695. 36 O.S. 1424(B)(6) has been amended in a piecemeal fashion in seven of the years that have elapsed since its passage.
¶ 21 Most recently, the Legislature amended 36 O.S.1424(B)(6), in 1989, by adding the present third exception to the prohibition against corporate ownership in a corporation licensed as an insurance agent.
 B. Amendments to areas of qualification for insurance agents and limited insurance representatives
¶ 22 In looking at the evolution of this statute, we note that the Legislature also amended in piecemeal fashion the areas of qualification for insurance agents and limited insurance representatives in six of the years since the Act was enacted. The Act in its early inception was very narrow as to those corporations eligible to own stock in limited insurance representative corporations.
¶ 23 The current restrictions on ownership in limited insurance representatives is found in 36 O.S. 1424(B)(6) (1990), following the third exception to the prohibition against corporate ownership in corporations licensed as insurance agents. The current language states that:
 Notwithstanding any other provisions of this section, any person, partnership or corporation may own stock in or be a partner in any corporation or partnership licensed pursuant to the provisions of this section as a limited insurance representative.
¶ 24 Thus, the Legislature through a series of amendments, expressly allows all corporations and partnerships to own stock in limited insurance representative corporations. In considering first the plain language of the statute itself, we note that "where the language of a statute is plain and unambiguous, and its meaning clear . . . the statute will be accorded the meaning as expressed by the language therein employed." Cave SpringsPublic School District I-30 v. Blair, 613 P.2d 1046, 1048 (Okla. 1980). Therefore, the plain language of the statute mandates the conclusion that any corporation, including a corporation not eligible for licensure as an insurance agent, may own stock in acorporation or partnership licensed as a limited insurancerepresentative. 36 O.S. 1424(B)(6) (1990).
 VI. ANALYSIS OF EXCEPTIONS TO PROHIBITION AGAINST CORPORATE OWNERSHIP OF AGENT CORPORATIONS
¶ 25 The inquiry into this request for reconsideration does not end with the conclusion that any corporation may own stock in a corporation licensed as a limited insurance representative. Whether a limited insurance representative (whose stock is partially owned by a corporation that is not eligible for licensure as an insurance agent), may own stock in a corporation that is licensed as an insurance agent must still be determined. Since there are no cases in Oklahoma interpreting 36 O.S.1424(B)(6), one must look to the definitions and language contained within the statutes to ascertain which corporations or partnerships may own stock in a corporation licensed as an insurance agent under Oklahoma law.
 A. First exception to prohibition against corporate ownership
¶ 26 The first exception allows corporate ownership by "acorporation or partnership which is also licensed as aninsurance agent pursuant to the provisions of this section." 36O.S. 1424(B)(6) (1990). Thus, a licensed agent corporation may own stock in another agent corporation. This exception, however, contains no reference to limited insurance representatives. Since a licensed limited insurance representative and a licensed insurance agent are two distinct concepts, this exception, by its plain wording, is not applicable to your inquiry.
 B. Second exception to prohibition against corporate ownership
¶ 27 Section 1424(B)(6) continues with language that lists two other alternative exceptions to the above-stated rule. After language about corporations licensed as insurance agents owning stock in other corporations licensed as agents, the statute sets out the second exception to the prohibition against corporate ownership. This section includes language which prohibits ownership of corporations licensed as agents except for a corporation, "which was primarily engaged in insurance agency activities on or before January 1, 1985, and was composed of five or more incorporated insurance agencies." A limited insurance representative could not satisfy the requirement of being primarily engaged in insurance agency activities, without holding an agents license. A corporation, including one licensed as a limited insurance representative, that could not satisfy the requirements of the first exception and that does not satisfy this requirement, is not equivalent to a corporation primarily engaged in insurance agency activities, and this exception is likewise inapplicable to your inquiry.
 C. Third exception to prohibition against corporate ownership
¶ 28 The third exception in 36 O.S. 1424(B)(6) contains language regarding a corporation "which was principally engagedin the business of insurance on January 1, 1989, and whoseprincipal officers reside within the State of Oklahoma." While the meaning of the first two exceptions appears to be contained in the plain words of the statute, the final exception contains language subject to possible differing interpretations because the term "principally engaged in the business of insurance" is not defined within the Act. The issue is then whether a corporation acting as a limited insurance representative is "principally engaged in the business of insurance." Where the statute fails to attach specific definitions to terms, the rules of statutory construction require that we use the generally accepted common meanings of the word. Hess v. Excise Bd. ofMcCurtain County, 698 P.2d 930 (Okla. 1985).
¶ 29 The threshold question is whether the activities conducted by those licensed as limited insurance representatives may be considered to be engaged in the business of insurance within the statutory definition. Insurance is defined at 36 O.S. 102
(1981) as, "a contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies." After a comparison of the broad definition of insurance with the categories for which limited insurance representatives may receive qualification, it is apparent that the activities authorized for limited insurance representatives to lawfully conduct are contained within the definition of insurance.
¶ 30 Additional inquiry must be made to determine whether a limited insurance representative may be considered to be "principally engaged" in the business of insurance. According to Webster's Third New International Dictionary (1981), "principally" means "most important, consequential or influential." "Engage" has been defined in Webster's Third New International Dictionary as, denoting "to begin and carry on an enterprise, especially a business or profession." Id. at page 751. Two Tenth Circuit cases discuss "engage" in terms of "something more than occasional participation, and something more than a single act or a single transaction, and involves some continuity of practice or of action, and imports some habitual participation." See, Head et al. v. New York Life Ins. Co.,43 F.2d 517 (10th Cir. 1930). B. H. Passmore Metal and RoofingCo., Inc. v. New Amsterdam Casualty Co., 147 F.2d 536 (10th Cir. 1945).
¶ 31 "Business" is defined in Webster's Third New International Dictionary (1981) as:
 a usually commercial or mercantile activity customarily engaged in as a means of livelihood and typically involving some independence of judgment and power of decision and sometimes contrasted with the arts or professions or sport or other activity considered less practical, serious, respectable, or mundane.
Webster's, at 302.
¶ 32 Applying these commonly accepted and statutory definitions, for purposes of this opinion, principally engaged in the business of insurance is equivalent to a person or entity, including a corporation, whose most important or consequential part of its business is that of being lawfully engaged in the business of entering into contracts of indemnification under a fixed set of circumstances.
¶ 33 The rules of statutory interpretation require that statutes be interpreted in a manner which renders every word and sentence operative rather than a manner which would render a specific statutory provision nugatory. TWA v. McKinley,749 P.2d 108 (Okla. 1988). However, statutes dealing with the same general subject should be construed together in order to arrive at the legislative intent in any particular section. Id. at 110, citing Becknell v. State Industrial Court, 512 P.2d 1180, 1183
(Okla. 1973).
¶ 34 Throughout the balance of the Insurance Agents Licensing Act, strict separation of the roles of insurance agents and limited insurance representatives have been kept clearly distinct. However, the new language of the 1989 amendment leads one to the conclusion that the Legislature intended to create additional circumstances where corporations and partnerships could own stock in insurance agent corporations, because of the inclusion of the new wording.
¶ 35 The placement of the 1989 amendment into the statute is also of great significance. It should be noted that the new language which appears to create new entities eligible to own stock was not included in the section discussing the requirements for licensure. But rather, this new language was inserted in the section discussing those corporations which can own stock in corporations licensed as insurance agents. Thus, licensure and ownership remain two related, but distinct topics within title 36.
¶ 36 We must presume the Legislature intended the new language to create new entities eligible to own stock, because the Legislature is never presumed to have done a vain thing. Farrisv. Cannon, 649 P.2d 529 (Okla. 1982). There is a presumption in law that every provision of a statute is intended for some useful purpose and should be given effect. R.V. McGinnis Theatres PayT.V. Inc. v. Video Independent Theatres Inc., 262 F.Supp. 607
(N.D.Okla. 1967), affirmed 386 F.2d 592, (10th Cir. 1967), certiorari denied, 390 U.S. 1014, 88 S.CT. 1265, 20 L.Ed.2d 163
(1967). In this context and from the definitions discussed, noting the manner chosen by the Legislature in inserting the additional language, the wording "principally engaged in the business of insurance" appears broader in scope than the first two exceptions contained within the statute, and includes entities that previously could not own stock in corporations licensed as insurance agents.
 CONCLUSION ¶ 37 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Any corporation, including a corporation not eligible forlicensure as an insurance agent, may own stock in a corporationlicensed as a limited insurance representative, pursuant to theunambiguous wording of 36 O.S. 1424(B)(6) (1990).
 2. The language of 36 O.S. 1424(B)(6) (1990) is mandatoryin that all prerequisites contained within that statute must bemet in order for a limited insurance representative to own stockin a partnership or corporation licensed as an insurance agent.Pursuant to this statute, no corporation shall own any stock inany corporation licensed as an insurance agent except acorporation:
 a) which is also licensed as an insurance agent,
 b) which was primarily engaged in insurance agency activitieson or before January 1, 1985, and which was composed of five ormore incorporated insurance agencies licensed in this state orany state with which the commissioner has executed a reciprocallicensing agreement, or,
 c) which was principally engaged in the business of insuranceon January 1, 1989, and whose principal officers reside withinthe State of Oklahoma.
 3. A corporation licensed as a limited insurancerepresentative, which is owned by a corporation not eligible tobe licensed as an insurance agent, may own stock in a corporationlicensed as an insurance agent, only where the limited insurancerepresentative was principally engaged in the business ofinsurance on January 1, 1989, and its principal officers residedwithin the State of Oklahoma 36 O.S. 1424(B)(6) (1990).
 4. If a corporation or partnership existed prior to January 1,1989, was licensed as a limited representative pursuant to 36O.S. 1421 (1990) et seq., and its sole purpose was sellingpolicies of insurance authorized to be sold by such a limitedrepresentative, any person, partnership or corporation can holdstock or be a partner in the partnership or corporation, and thatlimited representative may own stock in a corporation licensed asan insurance agent, pursuant to 36 O.S. 1424(B)(6) (1990).
 For the foregoing reasons, the result reached in AttorneyGeneral Opinion No. 89-014 is consistent with the conclusionscontained herein.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL