Dear Senate Kerr,
¶ 0 This office has received your letters requesting an Opinion addressing, in effect, the following question:
In light of legislation enacted during the last regular sessionand the special session of the Oklahoma Legislature, may theOklahoma State Treasurer make or renew linked deposits orinvestments made under the Oklahoma Small Business Linked DepositProgram or the Oklahoma Agricultural Linked Deposit Program?
¶ 1 A Linked Deposit Program is an arrangement whereby a financial institution makes low interest loans in exchange for a governmental entity's agreement to deposit public money with the institution. The Oklahoma Agricultural Linked Deposit Program ("Ag Program"), authorizes the State Treasurer to place certificates of deposit in private lending institutions at interest rates below those that he could otherwise obtain from willing institutions in arms' length transactions, or he "may invest in bonds, notes, debentures, or other obligations or securities issued by the federal farm credit bank . . . at a rate below current market rates[.]" 2 O.S. 1991, § 1767[2-1767](B); see
A.G. Opin. 88-52. In return, the lending institutions will make reduced rate loans to agricultural businesses for the purpose of fostering economic growth in the State.
¶ 2 The Oklahoma Small Business Linked Deposit Program, found at 62 O.S. 1991, §§ 88.1[62-88.1] through 88.9 ("Small Business Program"), provides for a linked deposit loan program very similar to the Ag Program. Under this program, the State Treasurer, upon a recommendation by the Oklahoma Linked Deposit Review Board, may place "certificates of deposit with the eligible lending institution at up to three percent (3%) below the comparable Treasury Bill rate, as determined and calculated by the State Treasurer." 62 O.S. 1991, § 88.6[62-88.6](C). Just as with the Ag Program, the lending institution will in return provide small business loans at an interest rate "reduced by at least the same number of percentage points that the certificate of deposit was reduced upon placement." 62 O.S. 1991, § 88.6[62-88.6](D).
¶ 3 During the last regular session of the Oklahoma Legislature, a bill containing the following language was passed to limit the State Treasurer's authority to make or renew linked deposits or investments:
 The State Treasurer shall not make any new linked deposits or investments nor any renewal linked deposits or investments pursuant to the Oklahoma Small Business Linked Deposit Program or the Oklahoma Agricultural Linked Deposit Program until such time as One Million Five Hundred Thousand Dollars ($1,500,000.00) is deposited to the General Revenue Fund as earnings from investments of funds by the State Treasurer that would otherwise have been invested in such Programs. The State Treasurer shall report quarterly to the Legislature and the Governor on such investments during such time period and shall certify the deposit of such One Million Five Hundred Thousand Dollars ($1,500,000.00) prior to making any new or renewal linked deposits or investments in such Programs. Provided, any such deposits or investments made prior to the effective date of this act shall remain effective pursuant to the terms of the agreements entered into for such deposits or investments by the State Treasurer and the lending institutions. No new applications for loans or renewal of loans under this Program shall be accepted or processed by participating lending institutions during this period. The State Treasurer shall disseminate information to lending institutions regarding the suspension of the Program.
1994 Okla. Sess. Laws, ch. 277, § 13(A). This legislation represented new law to be codified as 62 O.S.Supp. 1994, §88.1A[62-88.1A](A)(1).
¶ 4 Subsequent legislation passed during the same legislative session amended the passage quoted above as follows:
 Beginning July 1, 1994, through June 30, 1995, the
State Treasurer shall not make any new linked deposits or investments nor any renewal linked deposits or investments pursuant to the Oklahoma Small Business Linked Deposit Program or the Oklahoma Agricultural Linked Deposit Program. until such time as One Million Five Hundred Thousand Dollars ($1,500,000) is deposited to the General Revenue Fund as earnings from investments of funds by the State Treasurer that would otherwise have been invested in such programs. The State Treasurer shall report quarterly to the Legislature and the Governor on such investments during such time period and shall certify the deposit of such One Million Five Hundred Thousand Dollars ($1,500,000) prior to making any new or renewal linked deposits or investments in such programs. Provided, any such deposits or investments made prior to the effective date of this act shall remain effective pursuant to the terms of the agreements entered into for such deposits or investments by the State Treasurer and the lending institutions. No new applications for loans or renewal of loans under this Program shall be accepted or processed by participating lending institutions during this period. The State Treasurer shall disseminate information to lending institutions regarding the suspension of the Program.
1994 Okla. Sess. Laws, ch. 382, § 24; see 62 O.S.Supp. 1994, §88.1A[62-88.1A](A)(1).
¶ 5 In addition to amending 62 O.S.Supp. 1994, § 88.1A[62-88.1A](A)(1) as it was enacted by the first bill quoted above, this legislation added the following language to Section 88.1A(A)(2):
 Except as provided in subsection B of this section, the State Treasurer may renew linked deposits or investments pursuant to the Oklahoma Small Business Linked Deposit Program or the Oklahoma Agricultural Linked Deposit Program after determination by the Treasurer that:
 a. sufficient revenues will be deposited into the General Revenue Fund of the State Treasury to meet any certification change by the State Board of Equalization which results from the enactment of this section and Section 25 of this act, and
 b. the conditions of Section 25[1] of this act have been met.
62 O.S.Supp. 1994, § 88.1A[62-88.1A](A)(2) (emphasis added).
¶ 6 The conditions referenced in the above-quoted Section 88.1A(A)(2)(b), are found at 62 O.S.Supp. 1994, § 88.1B[62-88.1B], and provide:
 A. The amount that the State Treasurer may invest in all linked deposit programs authorized by law shall not exceed a total of fifteen percent (15%) of all monies available to the State Treasurer for investment.
 B. The State Treasurer shall on a quarterly basis review the percentage of total investable state funds invested in all linked deposit programs created by law to determine compliance with subsection A of this section.
 C. If the State Treasurer determines that more than fifteen percent (15%) of the total investable state funds are invested in all linked deposit programs created by law, the State Treasurer shall suspend any renewal or any initiation of new linked deposit program investments until such time that the State Treasurer determines the investment percentage limitation established by this section has been met and except as provided by Section 24 of this act.
62 O.S.Supp. 1994, § 88.1B[62-88.1B].
¶ 7 According to Section 88.1A(A)(1), the State Treasurer is prohibited from making any new linked deposits or investments or renewing any linked deposits or investments under the Ag Program or the Small Business Program through June 30, 1995. Despite this prohibition, Section 88.1A(A)(2) allows the State Treasurer torenew linked deposits or investments under the Ag Program or the Small Business Program as long as the State Treasurer determines that a revenue shortfall will not be caused by below market interest rate investments or loans and the three conditions of Section 88.1B have been met.
¶ 8 The plain language of Section 88.1A(A)(1) provides that through June 30, 1995, the State Treasurer is prohibited from making any new linked deposits or investments under the Ag Program or the Small Business Program. Because of the apparent conflict between Section 88.1A(A)(1) and Section 88.1A(A)(2), a question arises, however, as to whether the State Treasurer can renew any linked deposits and investments.
¶ 9 In reconciling these conflicting provisions, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. See Wood v. Independent School District No. 141 ofPottawatomie Co., 661 P.2d 892 (Okla. 1983). Statutes addressing the same general subject "should be construed together in order to arrive at the legislative intent in any particular section."TWA v. McKinley, 749 P.2d 108, 110 (Okla. 1988). Construing a statute requires considering the whole and all parts given their obvious intended meaning, and no part should be stricken down, "unless in irreconcilable conflict with the remainder." Earnest,Inc. v. LeGrand, 621 P.2d 1148, 1151 (Okla. 1981). If there is a conflict between one provision of a section of a statute and another, the last in order or position and arrangement should prevail. Id. at 1151.
¶ 10 The conflict between the provision that prohibits the State Treasurer from making new or renewing existing linked deposits or investments and the provision that allows him to renew existing linked deposits and investments is not irreconcilable. The Legislature intended to allow the State Treasurer to renew linked deposits and investments, and this intent is reflected in three distinct legislative actions.
¶ 11 First, the Legislature, in the last regular session, unconditionally prohibited new and renewal linked deposits and investments. The Legislature later amended this action in the same session by separate legislation, allowing the State Treasurer to renew linked deposits and investments under certain conditions. By itself, this subsequent action demonstrates that the Legislature intended to allow the State Treasurer to renew linked deposits and investments under certain conditions.
¶ 12 Second, the Legislature, in its last special session, passed a resolution specifically expressing its intent in support of the renewal of linked deposits and investments:
 [The] renewal of existing loans in the Small Business . . . Agricultural Linked Deposit Programs using modified loan durations alone or in combination with modified interest rates would be entirely consistent with legislative intent as expressed in the provisions of . . . House Bill No. 2169 . . . and should be considered an option by the appropriate officials charged with administration of the linked deposit programs.
¶ 13 S.C.R. 5, 44th Oklahoma Legislature, 2nd Extraordinary Sess., 1994 Okla. Sess. Laws 8. House Bill No. 2169 was the legislation that added Section 88.1A(A)(2), allowing the State Treasurer to renew linked deposits and investments under certain conditions. Again, by itself this action indicates that the Legislature intended to allow the State Treasurer to renew linked deposits and investments by the addition of § 88.1A(A)(2).
¶ 14 Finally, Section 88.1A(A)(2) is last in order of position in Section 88.1A, and thus its language prevails over the language of other provisions before it. See LeGrand,621 P.2d at 1151. This analysis avoids the absurd conclusion that the Legislature did not intend to allow the State Treasurer to renew linked deposits and investments even after doing an about face and amending prior legislation that provided otherwise.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
Through June 30, 1995, the State Treasurer is prohibited frommaking any new linked deposits or investments under the OklahomaSmall Business Linked Deposit Program or the OklahomaAgricultural Linked Deposit Program. The Treasurer may, however,renew existing linked deposits and investments under theconditions contained in 62 O.S.Supp. 1994, § 88.1A(A)(2) and§ 88.1B.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] 62 O.S.Supp. 1994, § 88.1B[62-88.1B].