Dear Director, Clark
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following question:
 May a library system board member, appointed pursuant to 65 O.S.Supp. 1994, § 4-103(b), to fill a vacancy for the remainder of a term and then appointed to a full three (3) year term be immediately reappointed to another full three year term?
¶ 1 Essentially, your question asks if a person who has served one partial term and then one full term as a library system board member may immediately thereafter be appointed to an additional term.
¶ 2 Title 65 O.S.Supp. 1994, § 4-103[65-4-103](b) provides for terms of library system board members, as follows:
 Initial appointments shall be distributed among one-, two- and three-year terms, with one-third (___) of the appointments to be made for one (1) year, one-third (1/3) to be made for two (2) years and one-third (1/3) for three (3) years. Subsequent appointments shall be for three-year terms, except in the case of an appointment to fill a vacancy in the membership of the system board, which appointment shall be for the remainder of the unexpired term of the member where death, resignation or removal has created the vacancy. No person shall serve more than two full successive terms. Provided that a person who previously served for two (2) successive terms or less may be reappointed if two (2) years has expired since the person's last service on the board. All tenure of initial and future appointees shall expire on June 30 of the designated year. A member of a system board once qualified can thereafter be removed by the appointive authority during his term of office only for misconduct or neglect of duty.
65 O.S.Supp. 1994, § 4-103[65-4-103](b) (emphasis added).
¶ 3 In order to answer your question, basic rules of statutory construction must be applied. The primary rule of statutory construction is to determine the legislative intent of a statute in light of its general purpose and object. TXO Production Corp.v. Oklahoma Corporation Commission, 829 P.2d 964 (Okla. 1992). Legislative enactments must be interpreted in accordance with their plain, ordinary meaning according to the import of the language used. In re Certification of Question of State Law,560 P.2d 195 (Okla. 1977). Construction must be done in such a way as to make every word and sentence operative rather than render statutory provisions nugatory. TWA v. McKinley,749 P.2d 108 (Okla. 1988).
¶ 4 The Oklahoma Legislature has specifically provided that no person may serve more than two full terms as a board member.65 O.S.Supp. 1994, § 4-103[65-4-103](b). Immediately following that prohibition, the Legislature has provided that a person who has served "two (2) successive terms or less may be reappointed if two (2) years has expired since the person's last service on the board." Id. In addition, the Legislature states that a person appointed to a full term on a library system board serves a three-year term.
¶ 5 Taken together, these sentences express the legislative intent that two full terms successively in service on a library board are the maximum allowed without the person taking two years off from board service. A person who has served a partial term and then a full term on a library system board cannot then be appointed to another term as the result would be service in excess of two full successive terms. Any other interpretation which allows additional board service as noted in your question would render nugatory one provision or another of Section 4-103.
¶ 6 Therefore, the answer to your question of whether alibrary system board member, appointed pursuant to 65 O.S.Supp.1994, § 4-103(b), to fill a vacancy for the remainder of a termand then appointed to a full three (3) year term, can beimmediately reappointed to another full three year term is:"No."
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL