Dear Senator Herbert,
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following question:
May surplus machinery, equipment or vehicles of a county begiven, pursuant to the provisions of 19 O.S. Supp. 1997, §421.2[19-421.2], to a political subdivision located entirely outside thecounty?
¶ 1 You have asked this office to determine whether a county, acting through its board of county commissioners, has the authority to transfer surplus property to a political subdivision not located within that county.
¶ 2 One of the powers granted counties is the authority to "purchase and hold real and personal estate for the use of the county." 19 O.S. 1991, § 1[19-1](2). Subsection (6) of 19 O.S. 1991,§ 1[19-1] allows a county to "exercise such other and further powers as may be especially provided for by law." Among the powers specifically granted to counties is the power to transfer surplus property. This authorization is found in Section 421.2, which provides in pertinent part:
 A unanimous vote of the board of county commissioners may transfer any machinery, equipment or vehicle belonging to the county, which is deemed by the board to be surplus, to a political subdivision of the state within that county which is in need of such machinery, equipment or vehicle to benefit a significant part of the public served by the county[.]
19 O.S. Supp. 1997, § 421.2[19-421.2] (emphasis added).
¶ 3 Section 421.2 allows a county to transfer surplus property to another political subdivision of the State. This grant of authority, however, is not unconditional. The political subdivision must be "within that county."
¶ 4 In construing a statute, the primary goal is to determine the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose and object.TXO Production Corporation v. Oklahoma Corporation Commission,829 P.2d 964, 968-9 (Okla. 1992). Further, it is a rule of construction that statutes "must be interpreted in a manner which renders every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory." TWA v. McKinley, 749 P.2d 108, 110 (Okla. 1988). We must assume that the Legislature, by using the terms "within that county" and "to benefit a significant part of the public served by the county," intended to limit a board of county commissioners' authority to transfer surplus property. A contrary construction would render the terms meaningless and allow county commissioners to transfer surplus property to any political subdivision of the State.
¶ 5 As a general rule county property may not be given away. In fact, the Legislature has specifically provided, in Section 421.1 of Title 19, procedures for the sale of county property. Section 421.2 represents an exception to the general rule that the county must sell its property to either the highest bidder at a public auction or to a State agency subject to the Oklahoma Central Purchasing Act.
¶ 6 It was the intention of the Legislature, in enacting 19O.S. Supp. 1997, § 421.2[19-421.2], to place restrictions upon county commissioners for the protection of the taxpayers of the county. Because the property subject to transfer was purchased with county funds collected from county taxpayers it is clear that the Legislature intended to limit the transfer of such property to subdivisions within that county so that the property could continue to benefit the citizens of the county.
¶ 7 It is well established that "[w]here the language of a statute is plain and unambiguous, and its meaning clear" the statute should be "accorded the meaning expressed by the language therein." Cave Springs Public School District I-30 of AdairCounty v. Blair, 613 P.2d 1046 (Okla. 1980). Section 421.2 of Title 19 grants counties the limited authority to transfer surplus property. The authority is plainly limited by the provisions of the statutes to allow transfer to "political subdivisions of the state within that county." A transfer pursuant to the provisions of 19 O.S. Supp. 1997, § 421.2[19-421.2] may, therefore, be made only to a political subdivision within the county making the transfer.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
When making a transfer of surplus machinery, equipment orvehicles belonging to a county pursuant to the provisions of 19O.S. Supp. 1997, § 421.2[19-421.2], a board of county commissioners mayonly transfer said property to political subdivisions, some partof which is located within the same county.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL