Dear District Attorney D. Max Cook,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect, the following question:
May a court clerk in a county that has county courthouseslocated in more than one city, collect a sheriff's fee pursuantto 28 O.S. Supp. 1998, § 153[28-153](A)(9), when the sheriff, upon anoral order of the court, transports a prisoner from the countyjail to attend court in a courthouse located in another citywithin the same county?
¶ 1 Your question is addressed to a situation involving only those counties in Oklahoma that have multiple county courthouses in cities other than the county seat city. In those few counties, the county jail is located in the county seat city, but the sheriff transports prisoners from the jail to court not only in the county seat city, but also to the other county courthouse locations. Your inquiry and this Opinion do not address the sheriff's office charging and lawfully receiving mileage reimbursement from the county general fund for transporting prisoners. See 19 O.S. 1991, § 541[19-541]. Presently, no sheriff's fee is collected by the court clerk for merely transporting prisoners from jail to court and back.
¶ 2 Your inquiry specifically addresses when a prisoner being held in jail is transported from jail to hearings by the sheriff and asks, is the collection of a sheriff's fee allowable under28 O.S. Supp. 1998, § 153[28-153] (A)(9), when the court orders that the prisoner is remanded to the custody of the sheriff until such time as bond is posted? If the defendant fails to post bond and remains in jail, the sheriff will transport the prisoner back to court for his or her next appointed hearing date, and will continue to do so until the last court hearing involving the prisoner.
¶ 3 In our analysis, we will initially examine some of the powers and duties of a county sheriff. Title 19 O.S. 1991, §513[19-513] states that, "[t]he sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable." Title 19 O.S. 1991, § 514[19-514] requires the sheriff to "attend upon the several courts of record held in his county." These statutes generally require that the sheriff take care of the prisoners in his or her custody and get the prisoners to court and back to jail when the prisoners remain in custody.
¶ 4 In the unique setting where transportation from jail to courthouse involves traveling between Oklahoma cities, other statutes must be examined for their applicability to your factual situation, since the language of 19 O.S. 1991, §§ 513[19-513] and 514, doesn't expressly address the issue of imposing a cost for such transportation. There is no specific statutory language addressing imposing a court cost for a sheriff to transport a prisoner between multiple courthouses within the county.
¶ 5 The next statute examined in our analysis is in Title 28 which states as follows:
 The clerks of the courts shall collect as costs in every criminal case for each offense of which the defendant is convicted, irrespective of whether or not the sentence is deferred, the following flat charges and no more. . . .
. . . .
 9. A sheriff's fee for serving or endeavoring to serve each writ, warrant, order, process, command, or notice or pursuing any fugitive from justice . . $20.00 or mileage as established by the Oklahoma Statutes, whichever is greater.
28 O.S. Supp. 1998, § 153[28-153](A) (emphasis added).
¶ 6 Under Section 153(A)(9), there are some writs, warrants, orders, and other types of process for which a sheriff's fee may be collected. The provisions of Title 28 do not specifically list the types of orders for which a fee is allowable, but do list when a sheriff's fee is allowed. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." Jackson v. ISD-16 of Payne County,648 P.2d 26, 29 (Okla. 1982).
¶ 7 The type of order being examined in your inquiry is an order of the court directed to the defendant to reappear, remanding him to the custody of the sheriff until such time as bond is lawfully posted. For a sheriff's fee to be allowable, 28O.S. Supp. 1998, § 153[28-153](A)(9) contemplates an order to the sheriff for "serving or endeavoring to serve." In an instance when a defendant is already in custody, the sheriff does not have to serve any type of order upon that defendant to transport the defendant back to county jail. This is in direct contrast to a situation where a defendant had lawfully posted bond, failed to appear for a hearing, and was re-arrested by the sheriff upon a bench warrant. There the sheriff has to serve some type of process, either a bench warrant or some type of order to rearrest, upon the defendant, under the provisions of 28 O.S.Supp. 1998, § 153[28-153](A)(9). In this latter example, a sheriff's fee is clearly allowable by the provisions of Section 153(A)(9).
¶ 8 For further consideration, the powers and duties of a county sheriff, as they relate to the service of process, are listed in Title 19 which states:
 The sheriff in person, or by his under-sheriff or deputy, shall serve and execute, according to law, all process, writs, precepts and orders issued or made by lawful authorities, and to him directed, and shall attend upon the several courts of record held in his county.
19 O.S. 1991, § 514[19-514].
¶ 9 It may be noted that 28 O.S. Supp. 1998, § 153[28-153](A)(9) includes a list of items for which a sheriff's fee may be collected. That list includes "each writ, warrant, order, process, command, or notice or pursuing any fugitive from justice." The term "order" is included in a list of items normally associated with being served process by a sheriff pursuant to 19 O.S. 1991, § 514[19-514] cited above. "Statutes dealing with the same general subject should be construed together in order to arrive at the legislative intent in any particular section." TWA v. McKinley, 749 P.2d 108, 110 (Okla. 1988). Therefore, if "order" means another type of process the sheriff serves, then the facts outlined in your inquiry do not fit within the statutory provisions to allow a court clerk to collect a sheriff's fee, whether the order is written or verbal.
¶ 10 Thus, the conclusion of the analysis is that a sheriff's fee is not authorized for transporting a prisoner from jail to court and back, and there is no statutory authority for the court clerk to collect such a fee in Oklahoma under the facts you outlined.
¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A court clerk in a county that has county courthouses locatedin more than one city may not, pursuant to 28 O.S. Supp. 1998,§ 153(A)(9), collect a sheriff's fee when the sheriff, upon anoral directive of the court, transports a prisoner from thecounty jail to attend court in another city's courthouse withinthe same county.
 An order of the court directing a defendant to reappear at thenext hearing date and remanding the defendant to the custody ofthe sheriff is not the type of order for which a sheriff's fee isallowable under the provisions of 28 O.S. Supp. 1998, §153(A)(9). The sheriff is not required to "serve" said orderwhen the person is already in the custody of the sheriff pursuantto 19 O.S. 1991, § 513[19-513].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GLEN D. HAMMONDS ASSISTANT ATTORNEY GENERAL