2000 OK CIV APP 35

BRYAN COUNTY SHERIFF'S DEPART-
MENT, and ACCO/SIF, Petitioners,

v.

Shanna Leann WEATHERLY and
The Workers' Compensation
Court, Respondents.

No. 92,955.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Nov. 15, 1999.

Certiorari Denied Feb. 24, 2000.

Neil F. Layman, Layman & Padgett, Tul-
sa, Oklahoma, for Petitioners.

James E. Lowell, Brian T. Inbody, Sneed
Lang, P.C., Tulsa, Oklahoma, for Respon-
dents.

## OPINION

CARL B. JONES, Chief Judge:

¶1 Employer, Bryan County Sheriff's De-
partment, seeks review of a Workers' Com-
pensation Court award of death benefits to
the deceased employee's spouse and two mi-
nor children. It contends the income bene-
fits awarded exceeded the statutory limits.

¶2 The two children were each awarded a
lump sum of $5,000.00 to be placed in trust.
In addition, income benefits were ordered in
the sum of $257.26 per week for the surviving
spouse (70% of the deceased's average week-
ly wage) and $55.13 per week for each of the
two children (15% of the deceased's average
weekly wage). These awards were autho-
rized by 85 O.S. Supp.1998 § 22(8)(a)(1) and
(2) which provides:

8. Income benefits for death. If the inju-
ry or occupational disease causes death,
income benefits shall be payable in the
amount and for the benefit of the persons
following, subject to the maximum limits
specified hereafter:

(a) Benefit amounts for particular classes
of defendants.

(1) If there is a surviving spouse, to such surviving spouse seventy percent (70%) of the average weekly wages the deceased was earning. In no event shall this spousal income benefit be diminished.

(2) If there is a child or children, to such child or children fifteen percent (15%) of the average weekly wages the deceased was earning for each child. . . .

The parties agree that the deceased's average weekly wage was $367.51. The sums awarded to the spouse and children total the deceased's average weekly wage.

¶3 Employer contends the benefits ordered are in violation of 85 O.S. Supp.1998 § 22(8)(c) which provides:

(c) Maximum income benefits for death. For the purposes of this section, the average weekly wage of the employee shall be taken as not more than the average weekly wage of the state. In no case shall the aggregate weekly income benefits payable to all beneficiaries under this section exceed the maximum income benefits that were or would have been payable for total permanent disability to the deceased.

The maximum income benefit that would have been payable for total permanent disability to the deceased was 70% of his average weekly wages. 85 O.S. Supp.1998 § 22(1). That amount, $257.26, was the sum ordered paid to the surviving spouse pursuant to § 22(8)(a)(1).

¶4 Employer has identified an inconsistency between § 22(8)(c) and § 22(8)(a)(1) and (2). But the interpretation Employer would have us make would simply nullify § 22(8)(a)(2) providing income benefits to the children when there is also a surviving spouse. This we will not do.

¶5 The objective, obviously, is to ascertain the legislative intent behind a statute. In this regard, statutes will be interpreted in a manner which renders every word and sentence operative rather than in a manner which would render a specific statutory provision nugatory. *TWA v. McKinley*, 1988 OK 5, 749 P.2d 108, 110. All relevant provisions must be considered together, whenever possible, so that force and meaning is given to each provision. *Dana P. v. State*, 1982 OK 140, 656 P.2d 253, 258. Statutes should be construed so as to reconcile the different provisions and render them consistent and harmonious and give intelligent effect to each. *Eason Oil Co. v. Corporation Commission*, 1975 OK 14, 535 P.2d 283, 286.

¶6 The legislature surely did not intend the construction proposed by Employer. Section 22(8)(c) notwithstanding, the trial court correctly interpreted 85 O.S. § 22. No error being found, the order of the Workers' Compensation Court is SUSTAINED.

¶7 HANSEN, P.J., and ADAMS, J., concur.