Dear Representative Covey,
¶ 0 We have received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following question:
 Would a community of people residing in compact form, desiring to become incorporated as a municipality, be required to comply with both the three-mile and five-mile territory requirements of 11 O.S. Supp. 2004, § 2-104[11-2-104]?
¶ 1 Municipalities (i.e., cities or towns) are incorporated according to general laws enacted by the Legislature. Okla. Const. art. XVIII, § 1. A "community of people residing in compact form may become incorporated as a town in the manner provided in Sections 3-101 through 3-107" of Title 11, or in the case of a community with a resident population of 1,000 or more, as a city, as provided in 11 O.S. 2001, §§ 4-101-4-107. 11O.S. 2001, § 2-101[11-2-101](A). Your question relates to further restrictions imposed by the Legislature when the proposed municipality is within a prescribed distance of another already incorporated municipality.
¶ 2 Since 1961, incorporation of a municipality within five miles of a municipality of 200,000 or greater population, or within three miles of a municipality of lesser population, has been prohibited. See 1961 Okla. Sess. Laws. ch. 14, §§ 1, 2 (current version at 11 O.S. Supp. 2004, §§ 2-104[11-2-104], 3-101). In 2004, the Legislature adopted H.B. 1858, which amended Sections 2-104 and 3-101 of Title 11. See 2004 Okla. Sess. Laws ch. 329, §§ 1-2.
¶ 3 Pertinent parts of 11 O.S. Supp. 2004, §§ 2-104[11-2-104] and 3-101 now read as follows, with amendments from H.B. 1858 underlined:
§ 2-104. Restrictions on territory included in proposedmunicipality or plat
 A. Except as otherwise provided by subsection B of this section, no territory within five (5) miles of the corporate limits of a municipality having a population of more than two hundred thousand (200,000), and no territory within three (3) miles of the corporate limits of any municipality having a population less than two hundred thousand (200,000), according to the latest federal census, shall be included in the survey and plat provided in Section 2-103 of this title or incorporated as a new municipality.
 B. Territory within five (5) miles of the corporate limits of a municipality having a population of more than two hundred thousand (200,000) may incorporate as a new municipality if it can be proved to the board of county commissioners by documentation that the territory has historically been identified as a community of people residing in compact form. Such territory shall be included in the survey and plat provided in Section 2-103 of this title or incorporated as a new municipality. Upon application of any person or municipality affected, the district court in the county where such territory is located may afford appropriate relief for any violation of this section. Urban areas annexed by a municipality which are completely nonadjacent to the corporate limits of the municipality are not considered as within the corporate limits of that municipality for the purposes of this section.
Id. (emphasis added).
 § 3-101. Petition for incorporation of town — Notice — Contents
 A. A petition for incorporation of a town shall be presented to the board of county commissioners of the county in which the proposed town is located, at the time indicated in the notice, as provided for in subsection C of this section, or as soon thereafter as the board can receive and consider it. . . .
. . . .
 B. Each petition shall be on a separate sheet and shall be authenticated by the affidavit of at least one credible witness that the signatures are genuine and that the signers of the petition are registered voters of the proposed town. The petition shall include:
. . . .
 5. The appropriate documentation to prove that territory within five (5) miles of the corporate limits of a municipality having a population of more than two hundred thousand (200,000) has historically been identified as a community of people residing in compact form, if applicable[.]
Id. (emphasis added).
¶ 4 By its terms, H.B. 1858 allows a community that can show it "has historically been identified as a community of people residing in compact form" to be excepted from the prohibition against incorporation of municipalities within five miles of a municipality with a population greater than 200,000. Id. § 2-104(B). What rule applies if the community is both within five miles of a more than 200,000 population city and within three miles of one or more municipalities with a population less than 200,000?
¶ 5 You ask, in effect, whether the exception under H.B. 1858 for a territory that "has historically been identified as a community of people residing in compact form" also applies to the "3-mile" rule for municipalities with a population less than 200,000. Put another way, does the phrase, "Except as otherwise provided by subsection B of this section," apply to both the 3-mile and 5-mile rules set out in Section 2-104(A) of Title 11? We conclude it does not.
¶ 6 Insofar as possible, statutes should be "interpreted in a manner which renders every word and sentence operative rather than in a manner which would render a specific statutory provision nugatory." Bryan County Sheriff's Dep't v. Weatherly,2 P.3d 383, 384 (Okla.Ct.App. 1999). Further, in interpreting statutes, consideration should not be limited to a single word or phrase in isolation, but the various provisions of the enactment should be construed together to ascertain and give effect to the Legislature's intention. McNeill v. City of Tulsa,953 P.2d 329, 332 (Okla. 1998).
¶ 7 Construing the various provisions of H.B. 1858 together, we conclude the Legislature intended to limit the exception to situations involving historically discrete territory within five miles of a city of more than 200,000 in population. Otherwise, violation of generally recognized principles of statutory construction would result.
¶ 8 An interpretation that the exception in subsection (B) applies only to large cities follows the above rules of construction. Subsection (B) of 11 O.S. Supp. 2004, § 2-104[11-2-104], by its terms, applies only to the situation where a community wanting to incorporate is within five miles of a city of more than 200,000 population, and can show it has had an historically discrete existence. Likewise, subsection (B)(5) of 11 O.S. Supp.2004, § 3-101[11-3-101], dealing with requirements for an incorporation petition to be considered by county commissioners, expressly sets out requirements where the petitioning community is within five miles of a city with a population greater than 200,000. In neither of these statutory changes is there any indication the Legislature intended the exceptions to apply to other situations. In the changes to both Sections 2-104(B) and 3-101, the Legislature was silent on the three-mile rule for municipalities with a population less than 200,000. Such legislative silence, when it has authority to speak, gives rise to an implication of legislative intent. City of Duncan v. Bingham, 394 P.2d 456,460 (Okla. 1964).
¶ 9 Had the Legislature intended that the "historic community" exception to the five-mile rule for large cities also apply to smaller municipalities within three miles, it could have said so, but did not. Its silence on the three-mile situation leads to the conclusion that the Legislature did not intend to change existing law in such situations. Id.
 ¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 House Bill 1858 (2004 Okla. Sess. Laws ch. 329, §§ 1-2), which amended parts of 11 O.S. 2001, §§ 2-104and 3-101, and allows a territory that has historically been identified as a community of people residing in compact form, and is within five miles of a municipality with a population greater than 200,000 to become incorporated under certain conditions, does not affect the prohibition against incorporation of such territory within three miles of municipalities with a population less than 200,000, set out in 11 O.S. Supp. 2004, § 2-104(A). A historically discrete community in compact form that is within five miles of a municipality with a population greater than 200,000, and wishes to become incorporated as a municipality must also comply with the three-mile requirement in 11 O.S. Supp. 2004, § 2-104(A).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General