2017 OK 13

**Rodney Stanley BROWN, Petitioner,**

**v.**

**CLAIMS MANAGEMENT RESOURCES INC., Hartford Accident & Indemnity Co., and The Workers' Compensation Commission, Respondents.**

**Case Number: 113609**

Supreme Court of Oklahoma.

Decided: 02/22/2017

Bob Burke, Oklahoma City, Oklahoma, for Petitioner.

H. Leo Austin and T.R. Banks, Ada, Oklahoma, for Petitioner.

Jodi W. Dishman and Andrew J. Morris, McAfee & Taft, Oklahoma City, Oklahoma, for Respondents Claims Management Resources, Inc. and Hartford Accident & Indemnity Co.

Brandy L. Inman, Latham, Wagner, Steele & Leehman, P.C., Tulsa, OK, for Respondents Claims Management Resources, Inc. and Hartford Accident & Indemnity Co.

V. Glenn Coffee and Denise Davick, Glenn Coffee & Associates, P.L.L.C., Oklahoma City, Oklahoma, for Amicus Curiae State Chamber of Oklahoma.

COMBS, C.J.:

## FACTS AND PROCEDURAL HISTORY

¶1 Petitioner Rodney Stanley Brown (Brown) was employed by Respondent Claims Management Resources (CMR) as a claims adjuster. On March 25, 2014, Brown suffered personal injury to his left knee. At the time Brown was injured, he had finished performing job functions, clocked out, was leaving the office for the day when he was injured while descending an interior stairwell. Brown's work area was on the second floor of the building where he worked, and CMR occupied the entire floor. Brown was unable to conclusively identify any factor that might have caused his fall.

¶2 Brown had a designated parking area and a key card he had to use both to access the parking area and the building itself. The card was not necessary, however, for Brown to access the stairwell to leave the building, or to leave the stairwell once inside the building. While Brown testified that CMR owned the building, he also testified that there were other tenants and that once inside the building those other tenants had access to the stairwell in which Brown was injured. CMR offered no evidence to refute Brown's testimony that CMR owned the building, but agreed other tenants were also on the premises and had access to the stairwell. It is also undisputed that CMR had instituted a wellness program encouraging employees to use the stairs. However, use of the stairs was not a requirement. Brown had access to an elevator that he could have used instead of the stairwell, but testified he used the stairwell because of the wellness program.

¶3 While admitting an injury occurred, CMR asserted Brown's injury was not compensable within the meaning of the Administrative Workers' Compensation Act (AWCA), 85A O.S. 1-125. CMR contested compensability on the following grounds: 1) Brown's injury was not compensable pursuant to 85A O.S. Supp. 2013 2(9)(b)(3) because Brown was not performing employment services at the time of the injury; and 2) the injury did not occur in the course and scope of employment pursuant to 85A O.S. Supp. 2013 2(13)(c), which

excludes from the definition of course and scope of employment any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer.

¶4 A hearing on the matter was held before the Administrative Law Judge on September 25, 2014. After considering the parties' stipulations, evidence, and arguments, the Administrative Law Judge concluded that Brown had failed to meet his burden of proving by a preponderance of the evidence that he suffered a compensable injury within the meaning of the Administrative Workers' Compensation Act. Specifically, the Administrative Law Judge determined:

> The Claimant's stairwell fall on March 25, 2014 after clocking out and while leaving work for the day was not an injury arising out of and in the course of employment. The Claimant was not engaging in activity carrying out the Respondent's purpose and in furtherance of the affairs or business of the Respondent when the accident occurred. He was not performing any employment services as an insurance coordinator at the time of the fall. Any injury sustained from the fall was excluded from the definition of "course and scope of employment" in 85A O.S., 2(13) and from the definition of compensable injury set forth in 85A O.S., 2(9).

Order Denying Compensability, pp. 3–4.

¶5 Brown sought review of the order by the Workers' Compensation Commission, asserting: 1) that he was engaged in employment services at the time of his injury; 2) he was not in a common area adjacent to CMR's place of business, as he was in CMR's building; 3) CMR created the risk; and 4) 85A O.S. Supp. 2013 2(9)(b)(3) and 85A O.S. Supp. 2013 2(13)(c) were unconstitutional because they denied him an adequate remedy. A hearing was held before the Workers' Compensation Commission on January 20, 2015. At the hearing, the Workers' Compensation Commission determined that it could not determine constitutional issues. In an order issued on January 21, 2015, the Workers'

Compensation Commission affirmed the determination of the Administrative Law Judge.

¶6 On January 30, 2015, Brown filed a Petition for Review with this Court. After briefing, the matter was assigned to the Court of Civil Appeals on June 18, 2015. On appeal, Brown asserted that 85A O.S. Supp. 2013 2(13)(c) must not exclude any injury occurring in a parking lot or other common area adjacent to an employer's place of business because ingress and egress to a worker's jobsite is an integral part of performing employment services. If it does exclude such injuries, Brown argued it is arbitrary, capricious, and violative of public policy. Brown further argued that the Administrative Workers' Compensation Act violates Okla. Const. Art. 2, 6 by leaving him with no adequate remedy, and deprives him of due process pursuant to Okla. Const. Art. 2, 7.

¶7 In an opinion issued on May 2, 2016, the Court of Civil Appeals affirmed the order of the Workers' Compensation Commission. The Court of Civil appeals examined 85A O.S. Supp. 2013 2(9)(a) and 85A O.S. Supp. 2013 2(13)(c), and determined that Brown's injury which occurred in CMR's building stairwell after he clocked out for the day, was not in the course and scope of employment because it occurred in a common area adjacent to the employer's place of business and was therefore not a compensable injury. The Court of Civil Appeals further determined that a temporal boundary exists for course and scope of employment and therefore the fact that Brown had clocked out for the day prevented his injury from being in the course and scope of employment pursuant to 85A O.S. Supp. 2013 2(13)(c). Finally, the Court of Civil appeals considered Brown's constitutional claims concerning Okla. Const. Art. 2, 6 & 7 and determined a litigant has no vested right in any particular statutory remedy, and further that the Oklahoma Constitution imposes no limitation on the legislature's authority to change existing law and abolish rights and remedies for causes of action accruing in the future.

¶8 Brown filed his Petition for Certiorari to the Court of Civil Appeals with this Court on May 13, 2016. The Court granted Brown's

petition on October 31, 2016, and the matter was assigned to this office on November 1, 2016.

## STANDARD OF REVIEW

█ ¶ 9 In the realm of workers' compensation, the law in effect at the time of the injury controls both the award of benefits and the appellate standard of review. *Vasquez v. Dillard's, Inc.*, 2016 OK 89, ¶ 25 n.60, 381 P.3d 768; *Holliman v. Twister Drilling Co.*, 2016 OK 82, ¶ 5, 377 P.3d 133; *Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, ¶¶ 14–18, 295 P.3d 1107. Brown's injury occurred on March 25, 2014. Appellate review of the judgment in this matter is governed by 85A O.S. Supp. 2013 73, which provides in pertinent part:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

█ ¶ 10 Brown alleges both legal error concerning statutory interpretation and constitutional claims. The issues of a statute's constitutional validity and of its construction and application are questions of law subject to de novo review. *Lee v. Bueno*, 2016 OK 97, 381 P.3d 736; *Butler v. Jones ex rel., State ex rel., Okla. Dep't of Corrections*, 2013 OK 105, ¶ 5, 321 P.3d 161; *Gilbert v. Security Finance Corp. of Okla*, 2006 OK 58, 152 P.3d 165. Under that standard on appeal, this Court assumes plenary, independent, and non-deferential authority to reexamine the lower tribunal's legal rulings. *Lee*, 2016 OK 97, ¶ 6, 381 P.3d 736; *Crownover v. Keel*, 2015 OK 35, ¶ 12, 357 P.3d 470; *Butler*, 2013 OK 105, ¶ 5, 321 P.3d 161.

█ ¶ 11 The interpretation and application of the statutes at issue in this cause, however, also implicates 85A O.S. Supp. 2013 78(c)(5). The language of this provision is similar to that used by this Court concerning its review of factual matters in other administrative proceedings. *See Okla. Dept. of Public Safety v. McCrady*, 2007 OK 39, ¶ 10, 176 P.3d 1194 (order subject to reversal if agency's findings were clearly erroneous in view of the reliable, material, probative and substantial competent evidence); *Dugger v. State ex rel. Okla. Tax Com'n*, 1992 OK 105, ¶ 9, 834 P.2d 964. The Legislature is undoubtedly familiar with the opinions of this Court applying the standard of review for factual determinations of administrative tribunals, and by including similar language in the form of 85A O.S. Supp. 2013 78(c)(5) likely intended to invoke that standard. *See Peoplelink, LLC v. Bear*, 2014 OK 65, ¶ 6, 373 P.3d 1019. Accordingly, on issues of fact, the Commission's order will be affirmed if the record contains substantial evidence in support of the facts upon which it is based and the order is otherwise free of error. *McCrady*, 2007 OK 39, ¶ 10, 176 P.3d 1194; *Dugger*, 1992 OK 105, ¶ 9, 834 P.2d 964.

## ANALYSIS

█ ¶ 12 This cause concerns the application and interpretation of two provisions of Section 2 of the Administrative Workers' Compensation Act (AWCA). Title 85A O.S. Supp. 2013 2(13) defines course and scope of employment and provides in pertinent part:

13. "Course and scope of employment" means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer,

and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:

c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer, or

The second provision at issue is 85A O.S. Supp. 2013 2(9), which defines compensable injury and provides in pertinent part:

9. a. "Compensable injury" means damage or harm to the physical structure of the body, or prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, caused solely as the result of either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment.

b. "Compensable injury" does not include:

(3) injury which was inflicted on the employee at a time when employment services were not being performed or before the employee was hired or after the employment relationship was terminated,

¶ 13 Brown asserts his injury occurred in the course and scope of employment pursuant to 85A O.S. Supp. 2013 2(13) and was a compensable injury pursuant to 85A O.S. Supp. 2013 2(9). CMR asserts that Brown's injury was excluded from occurring in the course and scope of employment by 85A O.S. Supp. 2013 2(13)(c) and excluded from being a compensable injury by 85A O.S. Supp. 2013 2(13)(c). Brown asserts that ingress and egress to an employees work station are necessary aspects of his employment, and therefore 85A O.S. Supp. 2013 2(9)(b)(3) and 85A O.S. Supp. 2013 2(13)(c) should not exclude his injury from being a compensable injury. He also challenges the constitutionality of the AWCA.

### A. Title 85A O.S. Supp. 2013 2(13)— "course and scope of employment"

¶ 14 Brown contends his injury occurred within the course and scope of employment as that term is defined by 85A O.S. Supp. 2013 2(13). CMR asserts Brown's injury was not within the course and scope of employment because it occurred in a parking lot or other common area adjacent to an employer's place of business after Brown clocked out for the day, pursuant to 85A O.S. Supp. 2013 2(13)(c).

¶ 15 Very recently, this Court interpreted and applied 85A O.S. Supp. 2013 2(13)(c) in the case of *Bober v. Okla. State University*, 2016 OK 78, 378 P.3d 562. In that cause, an employee of Oklahoma State University was injured when she fell in a parking lot owned by the University on her way to her building, prior to beginning her morning shift. The administrative law judge determined that the injury did not occur in the course and scope of employment within the meaning of the AWCA pursuant to 85A O.S. Supp. 2013 2(13). *Bober*, 2016 OK 78, ¶ 4, 378 P.3d 562. Interpreting 85A O.S. Supp. 2013 2(13)(c), this Court noted:

Subsection (c), "any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer," likewise does not apply. Although the parties agree Petitioner had not yet clocked in to begin her work day when she fell and was injured, this exception does not apply until the employee leaves the premises. As established above, Petitioner had arrived at her Employer's place of business and was on the OSU/OKC premises when she fell. She was not in a "parking lot or other common area adjacent to an employer's place of business." Adjacent means "[l]ying near or close to, but not necessarily touching," "not distant," "nearby," or "having a common endpoint or border." The parking lot and sidewalk surrounding the building where Petitioner worked was not on property lying near or close, nearby, or having a

common border with the OSU/OKC campus. **The parking lot and sidewalk were in fact on the premises of the OSU/OKC campus, which Employer admitted in the Employee Injury Report.**

Bober, 2016 OK 78, ¶ 9, 378 P.3d 562.

■ ¶ 16 The ALJ determined that ownership of the stairwell where Brown was injured is unclear, holding:

> It is unclear whether the Respondent owned or maintained the building or stairwell. No evidence on that issue was provided by the Respondent and the Claimant's testimony suggested both ownership and a lease arrangement by the Respondent of the premises.

Order Denying Compensability, r. 29.

This determination is not supported by substantial evidence. In fact, all the evidence points to CMR's ownership of the building, including the stairwell in which Brown was injured. Brown testified the stairwell was in CMR's building:

> Q. There's a different business on the first floor?
>
> A. A few different business on the first floor. CMR, I mean, the company itself, they own the whole building and they do have a—people down stairs, too.
>
> Q. But your company, CMR, is the only entity on the second floor?
>
> A. As far as I know, yes.
>
> Q. Okay. So it's just CMR employees or managers that use this area?
>
> A. They have three branches. But yes, the part of CMR that I work in was the upstairs. Totally upstairs.

Transcript of proceedings of hearing held in Oklahoma City, Oklahoma, held on September 25, 2014, before the Honorable Patricia Sommer Administrative Law Judge (Administrative Hearing Transcript), p. 20–21.

Though CMR alleged the stairwell was a common area used by subtenants, CMR did not dispute its ownership of the building. In fact, testimony from CMR's human resources manager confirms CMR's ownership of the entire premises. While describing the stairwell, she stated:

In fact, most of **our tenants** receive their mail from the receptionist. So anybody could use that stairwell.

Administrative Hearing Transcript, p. 32 (emphasis added).

■ ¶ 17 Similarly to the parking lot in *Bober*, the interior stairwell is not a common area adjacent to an employer's place of business within the meaning of 85A O.S. Supp. 2013 2(13)(c). The interior stairwell which Brown used to access his workspace is not adjacent to his employer's place of business, but on the premises itself. Further, the fact that Brown had clocked out for the day does not mean his injury was outside the course and scope of employment pursuant to 85A O.S. Supp. 2013 2(13)(c). As we stated in *Bober*, "this exception does not apply until the employee leaves the premises" and Brown had not yet left the premises of his employer when he was injured in the interior stairwell. 2016 OK 78, ¶ 9, 378 P.3d 562.

¶ 18 Much like the claimant in *Bober*, Brown was following his employer's instructions to leave his workstation after clocking out and exit the premises. He was required to work on the second floor, and was required to park in a designated lot. If a claimant reporting for work as instructed and already on the premises is engaging in actions related to and in furtherance of the affairs of their employer, so to is a claimant who is leaving work as instructed but not yet off the premises. Because Brown's actions at the time of his injury were related to and in furtherance of the business of his employer, and because Brown was on the premises of his employer when he fell, he was in the course and scope of his employment as that term is defined by 85A O.S. Supp. 2013, 2(13).

**B. Title 85A O.S. Supp. 2013 2(9)— "compensable injury"**

■ ¶ 19 Having determined Brown's injury occurred in the course and scope of employment, this Court must now consider the interpretation and application of 85A O.S. Supp. 2013 2(9). The competent evidence presented indicates Brown's injury is a compensable injury within the meaning of 85A O.S. Supp. 2013 2(9), unless, as CMR asserts, a

particular exclusion applies. The exclusion is 85A O.S. Supp. 2013 2(9)(b)(3), which excludes from the definition of compensable injury any "injury which was inflicted on the employee at a time when employment services were not being performed."

¶ 20 The term "employment services" is not defined in the AWCA, nor has this Court defined it in this context. This Court has previously summarized the rules of statutory interpretation in the following manner:

"The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used. However, where a statute is ambiguous or its meaning uncertain it is to be given a reasonable construction, one that will avoid absurd consequences if this can be done without violating legislative intent. Further, the Legislature will not be presumed to have done a vain and useless act in the promulgation of a statute, nor will an inept or incorrect choice of words be applied or construed in a manner to defeat the real or obvious purpose of a legislative enactment."

Wylie v. Chesser, 2007 OK 81, ¶ 19, 173 P.3d 64 (quoting TRW/Reda Pump v. Brewington, 1992 OK 31, ¶ 5, 829 P.2d 15 (citations omitted)).

■■■ ¶ 21 Title 85A O.S. Supp. 2013 106[1] requires this Court to strictly construe the provisions of the AWCA. However, the rule of strict construction comes into play only when the language, after analysis and subjection to the ordinary rules of interpretation, presents ambiguity. American Airlines,

Inc. v. State ex rel. Okla. Tax Com'n, 2014 OK 95, ¶ 31, 341 P.3d 56; Colcord v. Granzow, 1928 OK 211, ¶ 18, 137 Okla. 194, 278 P. 654. Further, as this Court has previously noted:

[T]he rule of strict construction, as applied to statutes, does not mean that words shall be so restricted as not to have their full meaning, but merely means that everything shall be excluded from the operation of the statutes so construed which does not clearly come within the meaning of the language used.

American Airlines, Inc., 2014 OK 95, ¶ 31, 341 P.3d 56 (quoting Colcord, 1928 OK 211, ¶ 18, 137 Okla. 194, 278 P. 654).

■■■ ¶ 22 Given the similarities in the plain meaning of the language, it is possible to equate "employment services" with "course and scope of employment."[2] A thorough reading of 85A O.S. Supp. 2013 2, however, indicates that it was not legislative intent to equate performing "employment services" with acting within the "course and scope of employment." We must interpret statutes in a manner which renders every word and sentence operative, not in a manner which renders a specific statutory provision nugatory. TWA v. McKinley, 1988 OK 5, ¶ 9, 749 P.2d 108; In re Supreme Court Adjudication of Initiative Petition in Tulsa, Concerning a One Cent Sales Tax Increase for Funding Additional Police Personnel and Compensation, 1979 OK 103, ¶ 7, 597 P.2d 1208. The term "course and scope of employment" is precisely defined at 85A O.S. Supp. 2013 2(13) and already incorporated into the definition of "compensable injury" found in 85A O.S. Supp. 2013 2(9), before the exceptions are to be applied. Specifically, 85A O.S. Supp. 2013 2(9) provides in pertinent part:

---

**1.** Title 85A O.S. Supp. 2013 106 provides:
The provisions of the Administrative Workers' Compensation Act shall be strictly construed by the Workers' Compensation Commission and any appellate court reviewing a decision of the Workers' Compensation Commission.

**2.** This was the path taken by Arkansas, which has an identical exception to the definition of compensable injury, found at Ark. Code Ann. 11-9-102(B) (West 2007). Construing that provision, the Supreme Court of Arkansas determined it would apply the same test to determine if an

employee was performing employment services as it would to determine if an employee was acting within the course of employment. Jivan v. Economy Inn & Suites, 370 Ark. 414, 417, 260 S.W.3d 281 (2007). Ark. Code Ann. 11-9-102 does not contain a statutory definition for course of employment, in contrast to the relevant Oklahoma provision. Accordingly, the Supreme Court of Arkansas applied its own precedent concerning how to determine if an employee was acting within the course of employment. Jivan, 370 Ark. at 418, 260 S.W.3d 281.

9. a. "Compensable injury" means damage or harm to the physical structure of the body, or prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, caused solely as the result of either an accident, cumulative trauma or occupational disease **arising out of the course and scope of employment.**

b. "Compensable injury" does not include: (3) injury which was inflicted on the employee at a time when employment services were not being performed or before the employee was hired or after the employment relationship was terminated.

¶ 23 The AWCA does define the term "employment" at 85A O.S. Supp. 2013 2(20), which provides:

"Employment" includes work or labor in a trade, business, occupation or activity carried on by an employer or any authorized voluntary or uncompensated worker rendering services as a firefighter, peace officer or emergency management worker;

The AWCA does not independently define the term "services". Black's law dictionary provides two potentially appropriate definitions for service:

2. Labor performed in the interest or under the direction of others; specif., the performance of some useful act or series of acts for the benefit of another, usu. for a fee <goods and services>. In this sense, *service* denotes an intangible commodity in the form of human effort, such as labor, skill, or advice.

3. The official work or duty that one is required to perform.

*Black's Law Dictionary*, Service, (10th ed. 2014).

■ ¶ 24 "[E]mployment services" should at a minimum be taken to include the performance of assigned duties. In other words, Brown was performing employment services when he was at his workstation performing tasks specifically given to him by his employer to complete. At issue in this cause is whether the definition of "employment services" encompasses something more than the literal performance of specific assigned tasks,

and includes other necessities of employment specified by the employer. We think that it does.

¶ 25 Brown was assigned a workstation that he could only reach, and then leave, by way of either the stairwell on the employer's premises or the elevator.[3] He was required, upon reporting to work on the premises, to clock in and proceed to his work station just as he was required to clock out and leave it. By clocking out and exiting his second floor work station, Brown was complying with his employers' instructions and therefore was still performing employment services at the time of his injury. He was performing a duty that he was required to perform. *See Black's Law Dictionary*, Service, (10th ed. 2014).

## C. Constitutional Claims

■ ¶ 26 Brown has raised both legal error and constitutional claims concerning the denial of his claim for workers' compensation benefits. This Court notes a general rule: where legal relief is available on alternative, non-constitutional grounds, we avoid reaching a determination on the constitutional basis. *Bd. of County Com'rs of Muskogee County v. Lowery*, 2006 OK 31, ¶ 14, 136 P.3d 639. *See State ex rel. Fent v. State ex rel. Okla. Water Resources Bd.*, 2003 OK 29, ¶ 12, 66 P.3d 432; *Smith v. Westinghouse Elec. Corp.*, 1987 OK 3, ¶ 2 n.3, 732 P.2d 466. As legal relief for Brown is available based upon the non-constitutional grounds discussed above, the Court makes no determination on his constitutional claims.

## CONCLUSION

¶ 27 Brown was acting in the course and scope of his employment as that term is defined by 85A O.S. Supp. 2013, 2(13) and his injury was a compensable injury pursuant to 85A O.S. Supp. 2013 2(9). The Commission's interpretation of 85A O.S. Supp. 2013 2(9) & (13) was legally incorrect and its order denying compensability was clearly erroneous in view of the competent evidence presented. Because relief is available on alternative

---

**3.** Brown was also participating in an employer-sponsored wellness program that encouraged employees to use the stairs. Administrative Hearing Transcript, pp. 15, 33.

grounds, we need not reach the constitutional issues presented.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; ORDER OF THE WORKERS' COMPENSATION COMMISSION VACATED; CAUSE REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION**

CONCUR: COMBS, C.J., GURICH, V.C.J., KAUGER, WATT, EDMONDSON, COLBERT, and REIF, JJ.

DISSENT: WINCHESTER, J.

NOT PRESENT AND NOT PARTICIPATING: WYRICK, J.