OSCN Found Document:PINA v. AMERICAN PIPING INSPECTION

 

 
 

 
 PINA v. AMERICAN PIPING INSPECTION
2018 OK 40
Case Number: 113899
Decided: 05/08/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 40, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

OCTAVIO PINA, Petitioner,
v.
AMERICAN PIPING INSPECTION, INC., BERKSHIRE HATHAWAY HOMESTATE INS. CO., and THE WORKERS' COMPENSATION COMMISSION, Respondents.

CERTIORARI TO THE COURT OF CIVIL APPEALS,
DIVISION IV

Â¶0 Petitioner is a pipeline fitter who was injured and sought treatment and compensation from his employer. Employer denied compensability, arguing Petitioner's injuries did not arise in the course and scope of his employment under 85A O.S. Supp. 2013 Â§ 2 (13). The administrative law judge agreed and the Workers' Compensation Commission affirmed. Petitioner appealed the decision of the Commission and the Court of Civil Appeals sustained the Commission. Petitioner filed a Petition for Certiorari which was granted. We hold Petitioner was in the course and scope of his employment as the term is defined in 85A O.S. Supp. 2013 Â§ 2 (13) because his actions at the time of injury were related to and in furtherance of the business of the employer.

COURT OF CIVIL APPEALS OPINION VACATED; ORDER
FROM WORKERS' COMPENSATION COMMISSION VACATED; 
CAUSE REVERSED AND REMANDED FOR PROCEEDINGS 
CONSISTENT WITH TODAY'S PRONOUNCEMENT

Bob Burke, Oklahoma City, Oklahoma And Kim N. Nguyen, Oklahoma City, Oklahoma, for Petitioner

Jacque Brawner Dean, Edmond, Oklahoma, for Respondents

OPINION

EDMONDSON, J.:

Facts & Procedural History

Â¶1 Octavio Pina (Petitioner) was employed as a pipeline installer by American Piping Inspection, Inc. At the time of his injury, he worked at an oilrig site approximately 130 miles away from his home residence. Petitioner traveled weekly to Employer's drilling site; he would work for 6 days and then return home on the weekend. Employer provided a daily per diem payment for lodging and meals incurred by Petitioner.

Â¶2 Employer used Petitioner's truck to haul work related equipment and materials and paid him $50 per day for the use of his truck. At the time of Petitioner's injury, it was the practice of Employer to pay for the gas necessary to refuel Petitioner's truck each morning before traveling to the rig site. Petitioner was required to stop at the Employer-designated gas station at the time set by the supervisor.

Â¶3 It is undisputed that Employer also agreed to purchase ice and water each day for the entire crew, but only if they stopped at the designated gas station at the time specified by Employer.[1] Employer argued that it was not mandatory for the employees to stop for ice and water; but it is undisputed that Employer would not pay for these items unless the employees stopped at the location as directed. There were no stores within walking distance of the drilling site where employees could buy ice and water or gasoline. Thus, Petitioner's option on the morning of his injury was to personally pay for the gas for the work day or follow the Employer's instructions and arrive at the gas station at the appointed time. Employer had been paying for Petitioner's gasoline for three months prior to his injury. Employer's safety and compliance representative testified that "[i]f they want water that they don't pay for themselves then they need to be at that -- at that place. But it's not mandatory." [2]

Â¶4 After getting supplies, the employees would drive another 30 miles from the gas station to the drilling site. Once they arrived at the drilling site, all employees were required to attend a safety meeting each morning and sign a log noting their attendance. This log was used as a means for determining who worked each day and identify who was to get paid for the day's work. Both of the Employer's representatives testified that "work" did not begin until the employees signed the log.

Â 

Â¶5 On the morning of September 22, 2014, Petitioner met his supervisor at the designated gas station to get ice, water and gasoline. The supervisor agreed that "Claimant was reporting to work that morning when he made it to the gas station." [3] Petitioner explained that "[he was] supposed to stop at the gas station so they can fill up your tank of gas because you're moving all day long." [4] The supervisor paid for the gas and supplies with the company credit card just as he had been doing for three months. Petitioner then asked his supervisor for permission to leave the gas station and drive to the drilling site. On his way, Petitioner had a collision and sustained serious injuries. Emergency medical care was given and Petitioner was transported via helicopter for medical treatment. Petitioner never arrived at the drilling site that morning. Although Petitioner did not sign the attendance sheet at the rig site that morning, Employer paid him for a full day of work.

Â¶6 Petitioner filed a claim for benefits under the Administrative Workers' Compensation Act (AWCA) 85A O.S. Â§Â§ 1-125. Employer denied the claim was compensable within the meaning of the AWCA on the following grounds: (1) Petitioner was not performing employment services at the time of injury as required by 85A O.S. Supp. 2013 Â§ 2 (9) (b) (3); and (2) the injury did not occur in the course and scope of employment pursuant to 85A O.S. Supp. 2013 Â§ 2 (13).

Â¶7 The administrative law judge held a hearing on March 3, 2015, and determined that Petitioner's injury did not occur in the course and scope of employment within the meaning of the AWCA and denied his claim.

Â¶8 The Administrative Law Judge (ALJ) made this finding in the Order Denying Compensability:

"[Petitioner] was paid money when his truck was used on the job site. The [Petitioner] had told [the supervisor] that he had been at a family reunion or party that weekend and was going to the job site to sleep." [5]

The ALJ also found that at the time of the accident Petitioner was not "in furtherance of the affairs of his employer." [6] The record has no evidence Petitioner told his supervisor he was leaving the gas station to go the job site to "sleep." The record has no evidence that Petitioner ever made such a statement to any person. No witness offered such testimony. The only suggestion about sleep is one leading question made at the hearing before the ALJ when Respondents' attorney asked Petitioner:

Â 

Q. And you went on to the job site to take a nap; is that correct?

A. Well when I went back to work I had to go back to work.

Q. Okay. You went out to the job site, you were on your way to the job site; is that correct?

A. Yes. [7]

Petitioner's attorney then asked Petitioner the following:

Â 

Q. ... And you asked your supervisor Mr. Rodriguez's permission before you left the gas station and he knew you were heading to the job site; is that correct?

A. Yes.

Q. Okay. Did you tell him that you're going ahead to the job site so you can take a nap?

A. No. [8]

The supervisor testified that Petitioner told him he was leaving the gas station to drive to the drilling site. There is no testimony in the transcript hearing or any evidence in the record that Petitioner ever made a statement he was going to the rig site to "sleep."

Â 

Â¶9 Petitioner then sought review by the Workers' Compensation Commission (Commission) asserting: (1) that he was acting within the course and scope of his employment at the time of injury within the meaning of 85A O.S. 2013 Supp. Â§ 9 (a); and (2) he was performing an activity that was fundamentally related to his job activities and in furtherance of the affairs or business of Employer. A hearing was held before the Commission on April 24, 2015. In an order issued on April 24, 2015, the Commission affirmed the determination of the Administrative Law Judge.

Â¶10 Petitioner next filed a Petition for Review with this Court. After briefing, the matter was assigned to the Court of Civil Appeals. On appeal, Petitioner asserted that the finding by the ALJ and decision by the Commission was erroneous in view of the reliable, material, probative and substantial competent evidence and was contrary to law. Petitioner urged that he sustained a compensable injury as contemplated by 85A O.S. Supp. 2013 Â§ 9 (a) and that his stop at the gas station and subsequent travel to get to the work site was travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. 85A O.S. Supp. 2013 Â§ 2 (13). Petitioner further urged that the AWCA violates Okla. Const. Art. 2, Â§ 6 by leaving him without a remedy and deprives him of due process as guaranteed by Okla. Const. Art. 2, Â§7.

Â¶11 In an opinion filed September 17, 2015, the Court of Civil Appeals affirmed the order from the Commission. The Court of Civil Appeals analyzed 85A O.S. Supp. 2013 Â§2 (13) (a) and 85A O.S. Supp. 2013 Â§2 (8) , and determined that Petitioner's injuries occurred while he was driving from his permanent residence to the job site and as such were excluded from coverage and not a compensable injury. The Court of Civil Appeals also determined that the trip from the gas station to the rig drilling site was a dual purpose trip and as such was excluded under 85A O.S. Supp. 2013 Â§ 2 (13) (b). Lastly, the Court of Civil Appeals considered Petitioner's constitutional claim concerning Okla. Const. Art. 2 Â§ 6 and determined that this provision does not guarantee a litigant a specific remedy such as workers' compensation and announced that this constitutional provision was a mandate to the judiciary and not a limitation on the legislature's right to enact laws. City of Anadarko v. Fraternal Order of Police, Lodge 118, 1997 OK 14 Â¶ 6, 934 P.2d 328, 330.

Â¶12 Petitioner filed his Petition for Certiorari to the Court of Civil Appeals with this Court. The Court granted his petition.

Standard of Review

Â¶13 The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review. Vasquez v. Dillards, Inc., 2016 OK 89, 381 P.3d 768; Brown v. Claims Management Resources Inc., 2017 OK 13, Â¶ 9, 391 P.3d 111, 115. Appellate review of the judgment in this matter is set forth at 85A O.S. Supp. 2013 Â§78 which provides in pertinent part:

C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

Â¶14 Petitioner alleges error regarding statutory application and interpretation and constitutional claims. The issues relating to the constitutional validity and interpretation of a statute are questions of law which we review under a de novo standard. This review is plenary, independent, and nondeferential. Bober v. Oklahoma State University, 2016 OK 78, 378 P.3d 562 [citing State ex rel. Protective Health Servs. State Dep't. Of Health v. Vaughn, 2009 OK 61, Â¶ 9, 222 P.3d 1058; Brown v. Claims Management Resources Inc., 2017 OK 13, Â¶ 10, 391 P.3d 111, 115 (citations omitted)].

Â¶15 Our interpretation also implicates 85A O.S. Supp. 2013 Â§78 ( c) (5). With respect to the review of factual matters, we adopt the standard used in other administrative proceedings. Brown, 2017 OK 13, Â¶ 11, 391 P.3d 111, 115 (citations omitted). Thus, with respect to issues of fact, the Commission's order will be affirmed if the record contains substantial evidence in support of the facts upon which it is based. Id. However, where there is no dispute as to the facts, whether an accidental injury occurred in the course of employment is a question of law. Ince v. Chester Westfall Drilling Co., 1959 OK 158, 346 P.2d 346.

Analysis

Â¶16 The AWCA defines "course and scope of employment" as follows:

"Course and scope of employment" means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:

a. an employee's transportation to and from his or her place of employment,

b. travel by an employee in furtherance of the affairs of an employer if the travel is also in furtherance of personal or private affairs of the employee,

c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employee or after the employee clocks out or otherwise stops for the employer, or

d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility and the work break is authorized by the employee's supervisor[.]

85A O.S. 2013 Supp. Â§ 2 (13) (Emphasis added).

Â¶17 Petitioner worked as a pipeline fitter and at the request of Employer his personal pickup truck was used to haul materials relating to work for the Employer at the job site. It is undisputed that at the time of injury, Petitioner was not at the oilrig site, the "premises of an employer." Thus, in order to resolve whether Petitioner's injury fits within the definition of the AWCA we must determine the following: (1) whether Petitioner's activities were in furtherance of the affairs of Employer and were done at the direction of Employer, (2) whether Petitioner's travel from the gas station to the drill site was transportation to and from his place of employment, and (3) whether the travel by Petitioner was in furtherance of Employer as well as a personal or private affair of Petitioner. The parties disagree as to the legal conclusion for each of these issues.

Â¶18 The uncontroverted testimony from Employer's representatives and from Petitioner reflect that: (1) Employer's representative designated the specific gas station and time for stopping; (2) Petitioner stopped at the gas station for the purpose of filling his gas tank to be used at the work site; (3) the Supervisor acknowledged that Petitioner was "reporting to work that morning when he made it to the gas station;" [9] (4) Petitioner left the gas station with the permission of his supervisor to proceed to the work site; (5) Employer paid for the gas used in Petitioner's truck to haul equipment and supplies at the work site, but only if Petitioner stopped at the designated gas station; (6) Employer paid for water and ice for Petitioner and other employees but only if they stopped as designated by Employer; (7) there were no stores within walking distance of the work site for employees to obtain gasoline or ice and water; (8) Petitioner testified that he left the gas station that morning to drive to the rig drilling site; and (9) there is no evidence in the record that Petitioner said he was leaving the gas station to take a nap.

Â¶19 When judicial power is used to adjudicate an issue of fact, there must be evidence to affirmatively support the decision. [10] Petitioner had the burden of proof to establish by a preponderance of the evidence that his injury occurred in the course and scope of employment.

Â¶20 The AWCA specifically envisions that "course and scope of employment" includes "travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer." 85A O.S. 2013 Supp. Â§ 2 (13). Employer used Petitioner's truck to haul equipment and supplies at the oilrig site. Such activity is clearly work that furthers the affairs of Employer. There were no gas stations or ice and water within walking distance of the oilrig site. Employer paid for Petitioner's gas and he showed up at the gas station on the morning of his injury to accommodate the needs of Employer, because "[he was] supposed to stop at the gas station so they can fill up your tank of gas because you're moving all day long." [11] Employer urged that it was not mandatory for Petitioner to stop, this was just a "perk" for Petitioner. Employer paid a per diem rental fee for the use of Petitioner's truck. We decline to adopt Employer's view. Considering all of the evidence before us we conclude that claimant met his burden to show that he was at the gas station as specifically directed by Employer and done to further the Employer's business needs. We have long recognized that hauling ice and water to an oilrig drilling site is considered "material being hauled for the employer." [12] It was common practice for Employer to provide ice, water and gas to Petitioner. We conclude that Petitioner was hauling material for the benefit of the Employer and was "in furtherance of the affairs of an employer" as contemplated by the AWCA.

Â¶21 Employer argued that Petitioner was not technically "working" unless he arrived at the rig site and signed in for the safety meeting. We reject Employer's narrow interpretation. It is undisputed that the supervisor acknowledged at the hearing before the ALJ that he considered Petitioner was "reporting for work that morning when he made it to the gas station." [13] Further, Petitioner sought the "permission" of his supervisor before he left the gas station to proceed on to the drill site.

Â¶22 We reject Employer's argument that Petitioner was simply traveling to and from his place of employment at the time of injury. We likewise find no evidence in the record that the travel by Petitioner was for a "dual purpose." The AWCA excludes coverage if an employee's travel is in furtherance of the employer if it is also in furtherance of the employee's personal or private affairs. A thorough review of the record lacks any evidence to support a finding that Petitioner was engaged in any personal or private reason for his travel from the gas station to the drilling site. The only testimony from the hearing supports that Petitioner obtained his supervisor's permission to travel on to the rig site to continue his work for the day. He arrived at the gas station at the appointed location and time to obtain gas, so he could work all day without stopping, all for the benefit of the Employer. We conclude that Petitioner's travel that morning was for the sole benefit of his Employer. Accordingly, his accident is a covered event under the AWCA as being in the course and scope of his employment.

Â¶23 Petitioner raised both legal and constitutional claims regarding the denial of his claim for workers' compensation benefits. This Court has long recognized that where relief is available on alternative non-constitutional grounds, we avoid reaching a determination on constitutional issues. Brown v. Claims Management Resources, Inc., 2017 OK 13, Â¶ 26, 391 P.3d 111, 119.[14]

Â¶24 The opinion of the Court of Civil Appeals is vacated. The opinion of the Workers' Compensation Commission is reversed. The opinion of the Administrative Law Judge is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Â 

COURT OF CIVIL APPEALS OPINION VACATED;
ORDER OF WORKERS' COMPENSATION COMMISSION REVERSED;
ORDER OF ADMINISTRATIVE LAW JUDGE REVERSED; 
CAUSE REVERSED AND REMANDED FOR PROCEEDINGS
CONSISTENT WITH TODAY'S PRONOUNCEMENT

COMBS, C.J., GURICH, V.C.J., KAUGER, EDMONDSON, COLBERT, REIF, JJ., concur;

WINCHESTER, J. (by separate writing), and WYRICK, J., dissent;

DARBY, J., not participating.

FOOTNOTES

[1] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 34, the site supervisor testified that "[the employer] will decide which gas station".

[2] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 25.

[3] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 36.

[4] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 14.

[5] Record, p. 36, Order Denying Compensability, filed March 6, 2015, Commission File No. CM-2014-09405Y, Before the Oklahoma Workers' Compensation.

[6] Record, p. 36, Order Denying Compensability, filed March 6, 2015, Commission File No. CM-2014-09405Y, Before the Oklahoma Workers' Compensation.

[7] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, pps. 11-12.

[8] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, pps. 17-18.

[9] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 36.

[10] Carbajal v. Precision Builders, Inc., 2014 OK 62, Â¶ 26, 333 P.3d 258, 265 (2014), also see Christian v. Gray, 2003 OK 10, Â¶ 44, 65 P.3d 591, 609, An adjudication of an issue of fact in the negative may be based upon an entire absence of proof, or a failure to prove one or more of the required elements necessary to establish a fact.

[11] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 14.

[12] Ince v. Chester Westfall Drilling Co.,1959 OK 158, Â¶ 6, 346 P.2d 346, 348, Helmerich & Payne, Inc. v. Gabbard, 1958 OK 204, 333 P.2d 964; Haco Drilling Co., v. Burchette, 1961 OK 145, 364 P.2d 674, employee found to be within scope of employment when he picked up two co-workers, obtained ice and water for use at the oil drilling site and was on the way to work when accident occurred; see also, Skinner v. Braum's Ice Cream Store, 1995 OK 11 Â¶ 6, 890 P.2d 922, 925, "We recognized the general rule that the employment relationship does not exist during a commute to and from work in Haco. Nevertheless, we held that the driver was acting within the scope of his employment when the accident occurred. The water and ice were necessary to the workforce of the drilling rig. The driver's pick up and delivery of the water was incidental to the business operation."

[13] Octavio Pina, Claimant, v. American Piping Inspection, Inc., Respondent and Berkshire Hathaway Homestate Insurance Co., Insurance Carrier, Before the Workers' Compensation Commission, Commission Case No. CM-2014-09495Y, Transcript of Hearing Before Administrative Law Judge Michael T. Egan, March 3, 2015, p. 36.

[14] Citing, Bd. Of County Com'rs of Muskogee County v. Lowery, 2006 OK 31, Â¶ 14, 136 P.3d 639, 649; State ex rel. Fent v. State ex rel. Okla. Water Resources Bd., 2003 OK 29, Â¶ 12, 66 P.3d 432, 439.

Â 

Â 

WINCHESTER, J., with whom Wyrick, J., joins, dissenting:

Â¶1 I would sustain the order of the Workers' Compensation Commission and affirm the Court of Civil Appeals, which found that 85A O.S.Supp.2014, Â§ 2(13)(a) clearly excludes transportation to and from the employee's place of employment and does not fall within the definitions of "in the course of employment" or "arising out of employment." In addition, this trip to the store on the way to the job site was a dual purpose trip excluded under Â§ 2(13)(b) of that statute.

Â 

Â 

Â 

Â 

Â