McDANIEL v. WOODS PUMPING SERVICES, INC.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:McDANIEL v. WOODS PUMPING SERVICES, INC.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 McDANIEL v. WOODS PUMPING SERVICES, INC.
2018 OK CIV APP 60
Case Number: 116420
Decided: 08/31/2018
Mandate Issued: 10/03/2018
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2018 OK CIV APP 60, __ P.3d __

 

JASON McDANIEL, Petitioner,
v.
WOODS PUMPING SERVICES, INC., COMPSOURCE MUTUAL INSURANCE COMPANY, and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER
OF THE WORKERS' COMPENSATION COMMISSION

REVERSED AND REMANDED

Joe Farnan, Purcell, Oklahoma, for Petitioner,

Gary Farabough, Warren E. Mouledoux, III, PASLEY, FARABOUGH AND MOULEDOUX, Ardmore, Oklahoma, for Respondents Woods Pumping Services, Inc. and Compsource Mutual Insurance Company.

Bay Mitchell, Judge:

¶1 Petitioner Jason McDaniel (Claimant) appeals from the order of the Workers' Compensation Commission affirming the Administrative Law Judge's order finding Claimant sustained a left orbital wall fracture but denying compensability based on Respondent Woods Pumping Services, Inc. and CompSource Mutual Insurance Company's (Employer) intoxication defense. The Commission's finding that, within 24 hours of the injury, Claimant refused to undergo drug and alcohol testing is supported by substantial evidence. Pursuant to 85A O.S. Supp. 2013 §2(9)(b)(4), Claimant's refusal created a rebuttable presumption that the injury was caused by drugs or alcohol. However, there is uncontroverted evidence Claimant was not intoxicated when the injury occurred. Therefore, we hold the Commission's finding that Claimant failed to overcome the presumption of intoxication is not supported by substantial evidence. The Commission's order denying compensability based on the intoxication defense is REVERSED and REMANDED for further proceedings.

¶2 Claimant asserts that while working December 22, 2016, he was injured when he was disconnecting a rubber hose and the hose hit him in the face. Claimant filed a Form-3 January 18, 2017 claiming injuries to his left eye, head, neck, and right hand. Employer denied compensability based on an intoxication defense. See 85A O.S. §2(9)(b)(4). The ALJ found Claimant sustained a left orbital wall fracture while employed by Employer;[1] Claimant did not undergo alcohol and drug testing and Claimant did not overcome the intoxication presumption. The ALJ entered an Order Denying Compensability. Claimant appealed to the Workers' Compensation Commission. The Commission found the ALJ's order was supported by a preponderance of the credible evidence and correctly applied the law and, therefore, was not against the clear weight of the evidence nor contrary to law. The Commission entered an Order Affirming Decision of Administrative Law Judge. Claimant seeks review.

¶3 The Administrative Workers' Compensation Act provides that we may modify, reverse, remand for rehearing or set aside a judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2013 §78(C). Interpreting §78(C)(5), our Supreme Court has said "[O]n issues of fact, the Commission's order will be affirmed if the record contains substantial evidence in support of the facts upon which it is based and the order is otherwise free of error." Brown v. Claims Mgmt. Res., Inc., 2017 OK 13, ¶11, 391 P.3d 111.

¶4 The intoxication defense is found at 85A O.S. Supp. 2013 §2(9)(b)(4) and it provides:

b. "Compensable injury" does not include:

. . . .

(4) injury where the accident was caused by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. If, within twenty-four (24) hours of being injured or reporting an injury, an employee tests positive for intoxication, an illegal controlled substance, or a legal controlled substance used in contravention to a treating physician's orders, or refuses to undergo the drug and alcohol testing, there shall be a rebuttable presumption that the injury was caused by the use of alcohol, illegal drugs, or prescription drugs used in contravention of physician's orders. This presumption may only be overcome if the employee proves by clear and convincing evidence that his or her state of intoxication had no causal relationship to the injury[.]

Claimant argues first that Employer failed to establish he refused to undergo drug and alcohol testing. And second, that even if Employer established he refused to undergo drug and alcohol testing, he proved by clear and convincing evidence that he was not intoxicated and overcame the intoxication presumption.

¶5 Claimant and his supervisor were the only witnesses to testify at trial. The evidence as to whether Claimant refused to undergo drug and alcohol testing was conflicting. Claimant testified he did not remember Randall asking him to go to the hospital or take a drug and alcohol test the day of the accident. Claimant asserted it was not until two days after the accident that Employer's owner contacted him about taking a drug test. Shane Randall, Claimant's supervisor, testified when he checked on Claimant immediately after the accident, Claimant said he was fine and just needed to rest. Randall then told him he probably needed to go to the hospital and get a drug test. Randall testified Claimant responded that he did not need to go to the hospital or get a drug test and, again, he just needed to rest. The incident report completed by Randall the day of the accident was also admitted as evidence. In the report, Randall stated: "I told him we're going for a drug screen and hospital. He refused to go to either place. Then 10 minutes later he drove off location without permission. . . . He drove off refusing medical attention and drug screen." This is substantial evidence supporting the finding that, within 24 hours of being injured, Employer asked Claimant to undergo drug and alcohol testing and Claimant refused. Thus, the rebuttable presumption that the injury was caused by the use of drugs or alcohol was triggered.

¶6 But was the presumption rebutted? Claimant contends that even if he was intoxicated, his state of intoxication had no causal relationship to the injury. The evidence Claimant was not in a state of intoxication is uncontroverted. Claimant testified he was not intoxicated and had not used drugs or alcohol the day of the injury. Claimant had been working 9-10 hours prior to the accident. Even Randall testified, "I don't think he was intoxicated." When asked why he told Claimant to go to the hospital and have a drug and alcohol test, Randall explained it is company policy any time there is an accident, not because he suspected Claimant was intoxicated. The evidence that Claimant was not in a state of intoxication satisfies the clear and convincing evidence requirement that his state of intoxication had no causal relationship to the injury. We hold the denial of compensability based on Claimant's failure to overcome the presumption of intoxication is clearly erroneous in view of the reliable, material, probative and substantial competent evidence.

¶7 The ALJ's Order found:

The Claimant reported the injury and his supervisor took a picture of him which shows an injury under his eye. Despite this the Claimant resisted drug testing at any point and delayed medical treatment for four days. There must be a logical reason why he would not seek treatment. One reason that comes to mind is that he is fearful that he will not pass a drug test, and possibly lose his job. He is unable to overcome the burden imposed by the intoxication [sic]. Although he stated that he didn't drink much, he could have been under the influence of other intoxicants.

. . . .

His refusal to first accept medical treatment by [Employer] and then not seek treatment when he returned home shows signs of impaired judgment.

The ALJ's findings are speculative and not based on the evidence presented at trial. The only evidence creating an inference Claimant was intoxicated was his refusal to submit to drug and alcohol testing after the accident. His refusal merely created a rebuttable presumption. The uncontroverted (and not speculative) evidence that Claimant was not intoxicated rebuts the presumption drugs or alcohol caused the injury.

¶8 Because we reverse the Commission's order pursuant to 85A O.S. §78(C)(5), we need not address Claimant's arguments the Commission's order is arbitrary and capricious and in violation of constitutional provisions.

¶9 The Commission found Claimant sustained a left orbital wall fracture. The part of the order finding the injury did not arise in the course and scope of employment, pursuant to 85A O.S. §2(9)(b)(4), and denying Claimant's request for benefits is reversed. The case is remanded for further proceedings.

¶10 REVERSED AND REMANDED.

SWINTON, P.J., and GOREE, V.C.J., concur.

FOOTNOTES

[1] The ALJ found Claimant did not sustain physical injury to the left eye, head, neck, right hand or back while employed by Employer. Claimant has not appealed that part of the order.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA